**BROCK, State Bank Com'r, v. NATALBANY LUMBER CO., Limited.**

**No. 1813.**

Court of Appeal of Louisiana. First Circuit.

March 9, 1938.

Ponder & Ponder, of Amite, for appellant.
Reid & Reid, of Hammond, for appellee.

LE BLANC, Judge.

The sole issue before the court in this case is a plea of compensation made by the defendant against the liquidator of an insolvent bank in which it had a deposit amounting to the sum of $1,501.71, at the time the bank closed its doors. The facts, as we understand, are not disputed.

On May 15, 1926, the defendant, Natalbany Lumber Co. Limited, through its authorized officer, made and executed its promissory note in the sum of $10,000, payable on demand at the Hammond State Bank, Hammond, La., to the order of F. L. Pantall. Later on, Pantall, payee and holder of the note, pledged the same to the Hammond State Bank as security for an obligation of his own to that bank.

On December 17, 1932, the Hammond State Bank was declared insolvent, at which time the defendant had on deposit with it a certain sum of money. On December 19, 1932, the Tangipahoa Bank & Trust Company was organized and took over the assets of the Hammond State Bank by paying 20 per cent. of the amount of its deposits and issuing certificates of deposit for the remaining 80 per cent., payable each 17, 29, 41, and 53 months after date, respectively. Included in the assets transferred from the Hammond State Bank was the Pantall obligation with the $10,000 note of the defendant herein, pledged to it as security. In the transfer from one bank to the other also, the defendant accepted the 20 per cent. on its deposit, but the evidence is not clear on its acceptance of the certificates for the remaining 80 per cent. On January 4, 1934, the Tangipahoa Bank & Trust Company was placed in liquidation, and it is not disputed that on that date the defendant had a deposit with that bank amounting to $1,501.71.

During the time that the Tangipahoa Bank & Trust Company held defendant's note of $10,000 in pledge of Pantall's obligation, interest payments were made and the principal reduced to the sum of $4,390.50. Compensation to the extent of the amount held on deposit for the defendant was never claimed, however, until after the bank had been placed in liquidation. No further payments having been made, on April 30, 1937, J. S. Brock, State Bank Commissioner and ex officio liquidator of the Tangipahoa Bank & Trust Company, instituted this suit in his capacity as such, as pledgee of the defendant's note, praying for judgment in his favor in said capacity, as pledgee and against the said defendant in the sum of $5000, the balance alleged to be due, together with interest and attorney's fees as therein provided for. For answer, the defendant alleged the further payment by which the note had been reduced to the sum of $4,390.50, and admitted a net balance due by it of $2,888.79 after pleading the amount of its deposit at the time of the closing of the bank, that is, the sum of $1,501.71, in compensation. Plaintiff obtained a judgment by rule for the amount admitted to be due, and on trial of the plea of compensation there was judgment in favor of the defendant allowing the same, whereupon plaintiff took this appeal.

In this court the appellant has filed a plea in bar to the right of defendant to urge its defense of compensation on the ground that the same constitutes a claim against the liquidator of a bank and is now presented too late, as under the provisions of Act No. 300 of 1910 an action on such a claim may only be brought within six months after notice of liquidation proceedings.

We do not so construe the plea of compensation made in this case. It is urged merely in defense to the action instituted by the bank in liquidation against this defendant. Moreover, under the very terms of the act relied on, its provisions apply to claims by creditors other than depositors, and the time limit prescribed begins to run after publication of notice to creditors, showing of which does not appear in this case. We find no merit in the appellant's plea in bar, and the same is therefore overruled.

Other than the plea presented in this court, appellant urges three grounds on which the judgment below should be reversed: First, that the defendant is estopped to claim compensation by having accepted 20 per cent. of its deposit and the deferred certificates issued by the Tangipahoa Bank & Trust Company, and that it has further waived and renounced the plea by paying interest on the balance due on its note and acknowledging and extending the same; second, that as between himself in his capacity as liquidator, and merely the pledgee of the note, and defendant, the maker of the note payable to some one else, no compensation can take place; and, third, that to permit compensation herein would be to grant the defendant a preference and privilege over all other ordinary depositors of the bank in liquidation, to their prejudice.

We shall take up only the second mentioned ground, as we believe that the contention made thereunder is sound and disposes of the plea adversely to the claim presented by the defendant herein.

The basis on which compensation rests, under our law, is the existence of simultaneous debts which are equally liquidated and demandable. Civ.Code, arts. 2207, 2209. There must therefore be two debts mutually existing and due to each of two parties and by each of them to the other. "Compensation takes place of right between individuals when the debts due by the respective parties are equally due and demandable, *and where the character of the debt is the same.*" City of New Orleans v. Finnerty, 27 La.Ann. 681, 21 Am.Rep. 569. (Italics ours.)

In this case, the plaintiff is not suing the defendant for any debt which it may owe him as liquidator of the Tangipahoa Bank & Trust Company. He alleges in his petition that he holds its note merely as pledgee to secure the obligations of F. L. Pantall to the Hammond State Bank, and prays for judgment only in his capacity as pledgee. As such, he is merely the agent of Pantall, the pledgor, who remains the owner of it and to whom he is responsible and must account as a prudent administrator. Civ.Code arts. 3166, 3167, 3168. Under the situation which exists and under the law as we view it, the liquidator stands in the capacity of an agent for the bank's real debtor, Pantall, and any collection made on the note which it holds in pledge would necessarily have to be applied to the liquidation of the latter's obligation. Pantall is the real debtor and not the present defendant, and to allow the latter to offset the amount of its deposit in discharging the debt of a single debtor of the bank would certainly, in our opinion, be prejudicial to the rights of all other ordinary depositors whose interests after all are those the liquidator should be the most concerned with.

The judgment below which allowed the plea of compensation and which rejected the plaintiff's demand in excess of the sum of $2,888.79 is erroneous and will have, to that extent, to be reversed. Inasmuch as the judgment, to the extent of the amount awarded, was not rendered in favor of the plaintiff, in his capacity of pledgee, in which it was prayed for, we deem it proper to recast the same entirely, and for these reasons:

It is now ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, J. S. Brock, State Bank Commissioner, for and on behalf of the Tangipahoa Bank & Trust Company in liquidation, as pledgee, and against the defendant, Natalbany Lumber Company, Limited, in the sum of $4,390.50, with 6 per cent. per annum interest from June 18, 1936, until paid and 10 per cent. of the amount of principal and interest as attorney's fees, and all costs of these proceedings.