SAMUEL, Judge.
This is a suit by the payee of a promissory note against two indorsers thereof. One of the indorsers, Schwartz, was dismissed for lack of jurisdiction and hereinafter the word “defendant” will refer to the remaining indorser, Bradford. Plaintiff was Bradford’s wife but was separate in property by marriage contract. They were living together when the note was executed. They were divorced at the time this suit was filed.
Shortly after the defendant’s marriage to plaintiff he and Schwartz formed a corporation known as Schwartz Industries, Inc. to sell and use a cement construction process, “Thermocon”, on which Schwartz held a franchise. Neither Schwartz nor the defendant had sufficient money and, initially and on later occasions, plaintiff advanced substantial funds from her separate estate to the corporation. She received 5% of the corporate stock; Schwartz and the defendant owned the balance. The advances made by plaintiff were in the form of loans to the corporation. Some were evidenced by corporate notes payable to plaintiff and others were without written notations. The note in suit is the result of one of those advances.
*501 Defendant and Schwartz had informed plaintiff the corporation was in financial difficulties and they had sought a loan from the bank which had been refused. Defendant told his wife the hank would lend the money to her and he asked that she borrow the same from the bank and lend it to the corporation. She complied with the request.
On April 4, 19S6 plaintiff, defendant and Schwartz met at The National Bank of Commerce in New Orleans with a vice president of the bank. The bank officer, who was deceased at the time of trial, pre■sented to plaintiff a 90 day promissory note, ■payable to the order of the bank in the .■amount of $11,600, which she signed. Another 90 day note, to the order of plaintiff .and also in the amount of $11,600 was signed by the defendant and Schwartz as offi- ■ cers of Schwartz Industries, Inc., as maker. 'The indorsements of the three persons, ■plaintiff, defendant and Schwartz, in that •order, appear on the reverse side of the sec■ond, the corporation’s, note. It was taken by the bank as security for the loan represented by the first, plaintiff’s, note to the .bank. The bank officer made the following -notation on the back of plaintiff’s note to the bank: “Secured by pledge of note of .Schwartz Industries, Inc for $11,600 dated April 4, 1956 due ninety days (90 days) .after date 7-3-56 with interest at 5% per annum from date — endorsed Audio T. H. Bradford, Jr Bertram R. Schwartz”.
Plaintiff turned over the money she re- ■ ceived from the bank to defendant and Schwartz and they deposited it in the cor- ■ poration’s account. Subsequently, all of the •stock of Schwartz Industries, Inc. owned by the defendant and Schwartz was either ■ transferred or pledged to plaintiff and the • corporation went into bankruptcy. Plaintiff paid the bank the full amount of the note she had made for the purpose of obtaining the loan, received from the bank the corporation note it held in pledge, and . instituted this suit on the latter note.
There was judgment in the trial court in favor of plaintiff and against defendant for the full amount of the note in suit, together with interest and attorney’s fees as stipulated therein, and costs. The defendant has appealed.
Defendant makes the following contentions: (1) Under LSA-R.S. 7:68 indorsers are liable in the order in which they indorse and, as plaintiff’s indorsement appears first, there can be no liability to her by the defendant, a subsequent indorser; (2) defendant signed the note only as an accommodation indorser for plaintiff and cannot be liable to her under LSA-R.S. 7:64(3); (3) in consideration of his cooperation in the corporation’s bankruptcy proceedings and in the divorce, defendant was granted an oral release from all of plaintiff’s claims; and (4) the note in suit was extinguished by confusion. We do not agree with any of these contentions.
 LSA-R.S. 7:68, which is identical with the provisions of N.I.L. § 68, provides that indorsers are liable prima facie in the order in which they indorse, but evidence is admissible to show that as between or among themselves they have agreed otherwise. The evidence introduced relative to liability as among the indorsers consists of the testimony of the two litigants and the notes themselves.
Defendant testified as follows: The bank official drew up the promissory note payable to the bank and while so engaged notified the three other persons present that he was going to draw up a note with the corporation as the maker and use it as a pledge to secure plaintiff’s note to the bank, which he did, making plaintiff payee of the corporation note. Plaintiff then signed her note to the bank. Schwartz and the defendant then signed the corporation note in their respective capacities as president and secretary-treasurer. Plaintiff then indorsed the corporation note and immediately thereafter Schwartz and the defendant indorsed the note in that order. The bank official *502 then made his notation of pledge on the hack of plaintiff’s note to the bank.
Plaintiff testified as follows: When the defendant asked her to borrow the money from the bank and lend it to the corporation he told her that he and Schwartz would stand personally liable for the loan. After she had signed her note to the bank the defendant and Schwartz gave her the note, already indorsed by them, on which this suit was filed. The bank official then said he wanted the corporation’s note, which had just been given to the plaintiff, as security for the loan. Plaintiff gave the note to the official who described it in writing on the reverse of the other note. The official then asked plaintiff to indorse both notes, which she did. In indorsing the corporation note she did so above the personal in-dorsements of Schwartz and the defendant either inadvertently or at the request of one of the other persons present.
The record supports, and we agree with, the trial court’s acceptance of plaintiff’s version of the facts. The bank official’s notation on the back of plaintiff’s note to the bank clearly indicates that at the time the notation was made there were only two indorsements, those made by Schwartz and the defendant, and thus that those two in-dorsements were already on the note when plaintiff indorsed. In addition, plaintiff’s signature as named payee was necessary for the note’s negotiation and use as a pledge by the bank and there would appear to be no need for the bank to require liability on the part of the plaintiff on two notes, both identical in amount, interest and date of payment.
Defendant’s second contention is based only upon his testimony that he indorsed the corporation note as an accommodation indorser for his wife at the request of the bank officer and is not liable herein under LSA-R.S. 7:64(3), which contains the identical provisions as N.I.L. § 64(3). In view of the remarks we have already made, and the facts we have already found, this is simply unbelievable.
We are also in agreement with the trial court’s conclusion that no oral release was granted by the plaintiff to the defendant. The only evidence offered by the defendant in this connection was his own testimony in which he stated that such a release had been granted by the plaintiff and by two of her attorneys. The plaintiff and the two attorneys testified and each denied granting, or even discussing, such a release.. In addition, several months after the occasions on which defendant now contends; he was granted an oral release, he testified' under oath in the corporation’s bankruptcy-proceeding that he was still personally indebted to the plaintiff in connection with the corporation’s affairs.
 Defendant’s last contention, that the note in suit was extinguished by confusion, is based upon LSA-R.S. 7:119(5), which is identical with the provisions of N.I.L. § 119(5), providing that a negotiable-instrument is discharged when the principal debtor becomes the holder of the instrument: at or after maturity in his own right. He-argues that the instrument was discharged when plaintiff became both the holder of the note and the owner of all of the stock of the corporation which had made the note. Even if in fact plaintiff was the owner of all the corporation’s stock, and not only a pledgee of the greatest portion thereof,, there has been no discharge. A corporation, is a legal entity separate and apart from: the stockholders (LSA-C.C. Arts. 435, 437) and here the principal debtor, the corporate maker, never became the holder of the-instrument.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.