YARRUT, Judge.
This is a suit on an open account in which Defendant seeks to avoid recovery on the ground of compensation and set-off. The District Court dismissed Defendant’s pleas and rendered judgment for Plaintiff as prayed.
Plaintiff alleges it is a commercial partnership with its principal place of business in Greenville, Mississippi; that Defendant is a corporation domiciled in New Orleans, Louisiana, and owes it $409.42, interest and costs, the purchase price of a Remington-Rand adding machine sold and delivered to it.
Defendant admits the purchase of the adding machine, but contends it was purchased, not from Plaintiff but from Ben C. Penn individually and that, as Ben C. Penn is indebted to it for $387.56 for food products sold to Greenville Frostop Company, a business operated by him, it was entitled to offset this amount in compensation against the purchase price of the adding machine, and is indebted to Plaintiff only for the difference of $21.86.
As a plea of compensation and set-off is a special defense, the burden of proof is on Defendant.
Compensation and set-off takes place by operation of law, but only when the parties are reciprocal debtor and creditor, and when the debts are of equal rank, due and payable. LSA-C.C. arts. 2207-2209. People’s Bank in Liquidation v. Mississippi & Lafourche Drainage Dist., 141 La. 1009, 76 So. 179; Lewis Chevrolet Co. v. Whitener, La.App., 122 So.2d 880; Brock v. Natalbany Lumber Co., La.App., 179 So. 322.
The documentary evidence proves that the Greenville Frostop Company Inc., was incorporated under the laws of Mississippi, October 31, 1958, for the purpose of conducting a general restaurant drive-in or similar type of food dispensing business. Mrs. Katherine M. Penn, wife of Ben C. Penn, while not one of the three original incorporators, subsequently acquired one-third of the capital stock of the corporation, and as its general manager made the *261 purchases for it from Defendant. Her husband at times assisted her in the conduct of the restaurant, both receiving salaries for their services.
Plaintiff is a partnership composed of Ben C. Penn, Jr., and his mother, Willie Irene Penn, both of whom inherited the business from their deceased father and husband, who owned and operated the business before his death as Ben C. Penn & Son in Greenville, Mississippi, engaged in the selling and reconditioning of office machinery and equipment.
 The purchases made by Ben C. Penn, Jr.’s wife as manager of the Green-ville Frostop Company, Inc. were made by her as its agent and employee; the food products were delivered to and used by the restaurant, and the corporation alone is responsible as debtor therefor; the restaurant of Frostop is located four miles from the business of Ben C. Penn & Son.
When Frostop was unable to pay its bill, Mrs. Penn left; a new management took over and ultimately abandoned the restaurant without paying Defendant’s bill.
Mr. S. L. Thompson, President of Defendant, testified he sold the meat and food products to Ben C. Penn personally; but it is clear that Ben C. Penn was assisting his wife in operating the restaurant as employees and Mr. Thompson knew or should have known that the purchases were for the corporation because their statement of balance due for $387.56 was sent, not to Ben C. Penn & Son, but to Frostop Drive Inn, operated by the Corporation at its address 1647 Highway 82 East, Greenville, Mississippi. Mr. Thompson also testified that, when he discovered that Frostop could not pay his company’s bill, he purchased the adding machine in the name of his corporation from Plaintiff for the purpose of offsetting the purchase price against the bill allegedly due his corporation by Plaintiff.
When Mrs. Penn and her husband purchased the restaurant supplies from Defendant, they acted as agents and employees of and on behalf of Frostop, a corporation, not for their own account or behalf. The cost of the adding machine purchased from Plaintiff, whether a partnership or the individual ownership of Ben C. Penn, Jr., was for the account of either or both, and cannot be compensated against the debt due by Defendant to Plaintiff, simply because Plaintiff or one of the individual partners acted as purchasing agents for the Defendant corporation for the restaurant supplies.
Judgment of the District Court is affirmed, Defendant to pay all taxable costs in both courts.
Affirmed.