MARCUS, Judge.
This is a suit for damages based upon a rear end collision which occurred in the New Orleans area on May 13th, 1962. An automobile owned and operated by Frank C. Carrol and insured by The Travelers Indemnity Company hit into the rear of an automobile in which the plaintiffs, Mr. and Mrs. Jack M. Chaney, were riding. Mrs. Chaney was injured in the accident and this is a suit primarily for her personal injuries. Mr. Chaney is a plaintiff only as head and master of the community to assert his demands for medical expenses and other community claims. Liability and insurance coverage were admitted by the defendants. The medical bill of the treating physician in the amount of $227.00 and the property damage claim of $50.00 were stipulated. The case was tried on December 21st and 22nd, 1965 and taken under advisement. On August 1st, 1968 the trial judge awarded Mrs. Chaney $6,000.00 for pain and suffering and further awarded Mr. Chaney special damages *58 in the amount of $277.00 as per stipulation. The judgment was signed on August 15th, 1968. The defendants have appealed suspensively to this Court.
Appellees have filed an answer to the appeal urging an increase in quantum for Mrs. Chaney’s personal injuries plus a reasonable award for her loss of earnings. Under Article 2133 of the Louisiana Code of Civil Procedure, an answer to an appeal must be filed not later than 15 days after the return day or the lodging of the record, whichever is later. In the instant case, the record reveals that the return day was October 25th, 1968 and the record was lodged in the Court of Appeal, First Circuit, on October 23rd, 1968. Since ap-pellees did not file their answer to the appeal until December 5th, 1968, which is far in excess of the 15 days required by law, their answer to the appeal was not timely filed and cannot be considered. Accordingly, the only issue for consideration by this Court is whether the award of $6,000.00 to Mrs. Chaney for pain and suffering by the court below was excessive.
Dr. Jere D. Melilli, a general practitioner, testified that he saw Mrs. Chaney for the first time on May 14th, 1962, the day after the accident, at which time she complained of pain in the posterior area of her neck. X-rays of the cervical spine were negative. The diagnosis was a cervical strain. Muscle spasm was present and there was limitation of motion. She was given physical therapy and placed upon muscle relaxants and codeine for pain. She was seen again on May 16th, 1962 at which time she showed some improvement and was given diathermy and ultrasound treatments. She was next seen on June 2nd, 1962. She was still having difficulty with her neck and was also having trouble swallowing. She was given diathermy, ultrasound, and muscle stimulation. He saw her again on June 7th and 20th, 1962. She was doing better and was given further physical therapy. On the latter visit she was also given an injection of cortisone and prescriptions for librium (tranquilizer) and tandearil (anti-inflammatory agent). She was seen again the next day on June 21st. She indicated that the librium was giving her relief but still complained of difficulty in swallowing. Dr. Melilli saw her again on July 5th, 11th, 16th, 26th, and 28th, 1962 without noting any change in her condition, except that on July 11th her blood pressure was elevated but on the July 16th visit it was back to normal. She was given further physical therapy on these visits. On August 1st, 1962 she was seen again and at that time was placed in a Thomas Collar. He saw her again on August 3rd, 6th, 8th, 10th, 16th, and 27th, 1962. It was noted that she was improving and physical therapy was continued on these visits. On the August 16th visit it was noted that her blood pressure was again elevated. She was next seen on September 10th, 12th, 13th, 20th, and 27th, 1962 and it was noted that she was doing better. On the September 27th visit he advised her to wean herself away from the use of the Thomas Collar. She was seen again on October 18th, 1962 and November 8th and 29th, 1962 during which period she continued to improve. Physical therapy was administered to her on these visits. She was not seen again until January 7th, 1963 at which time it was reported that she was free of pain, could do without the collar entirely, and the only discomfort she experienced was when there was a change in the weather or when she had to work extremely long hours under a strain. She was discharged on that day and has not been seen by him since then. Dr. Melilli admitted on cross-examination that while there was a possible connection between the accident and Mrs. Chaney’s elevated blood pressure, it was also possible that there were other causes. In any event the prescribed medication caused it to return to its normal limits.
Mrs. Chaney was also examined by Dr. Charles McVea at the request of defendant insurance company and his report was filed in the record in lieu of his testimony. Dr. McVea saw Mrs. Chaney *59 one time on March 5th, 1963. His report reveals the following:
“On physical examination, this lady shows nothing of significance in examination of the head, neck or the upper portion of her chest or upper extremities. There is no muscle spasm, no tenderness, no evident loss of sensation, no muscle waste, no limitation of motion in any direction and no abnormal or absent reflexes. X-ray of her neck shows nothing of significance.
Except for this lady’s complaints, I can find nothing wrong with her at this time. There are no physical findings to account for the complaints which she has.”
Mrs. Chaney testified that she had pain in her neck immediately after the accident and was driven home to Gonzales by her husband; however, since it was a Sunday, she did not consult a doctor until the next day. She claims that the next morning her neck was sore and stiff and she could hardly move. She went to see Dr. Melilli in Baton Rouge and pursuant to his instructions followed home treatment consisting of hot and cold packs, massage, and prescribed medications. She further testified that after 4 or 5 weeks she began doing neck exercises which she continued to do until she was discharged by Dr. Melilli on January 7th, 1963. She further stated that her neck has continued to cause her difficulty, particularly during times of stress and strain and changes in the weather. In regard to the frequency of the pain, she testified that she has flare-ups 3 or 4 times monthly for periods of about 2 or 3 days. She testified that she was a photographer’s assistant and receptionist prior to the accident but due to her injury has been prevented from doing this type of work as well as housework.
Upon review of the facts of this case, we conclude that Mrs. Chaney made a good recovery from the cervical strain which she received as a result of the accident on May 13th, 1962. She was under treatment from May 14th, 1962 until January 7th, 1963 during which period she saw Dr. Melilli on 27 occasions. X-rays were negative. She had muscle spasm and limitation of motion but the record is not clear as to what point during the course of her treatment these conditions cleared up; however, it is certain that they were no longer present on the date of her discharge on January -7th, 1963. Mrs. Chaney was given muscle relaxants and codeine for pain. She also received physical therapy consisting of diathermy, ultrasound, and muscle stimulation. A Thomas Collar was prescribed. However, it should be noted that she was never hospitalized, placed in traction, or confined to bed. Her condition had so improved that she visited the doctor only 3 times between the latter part of September, 1962 and the date of her discharge on January 7th, 1963. She had no objective symptoms at that time nor when she was examined by Dr. McVea in March, 1963. We find it significant that despite plaintiff’s complaints at the time of trial, she sought no further medical treatment since the date of her discharge by Dr. Melilli.
We are fully cognizant of the rule established by our appellate courts that an award for personal injuries in cases of this type should not be disturbed unless there is a clear abuse of the discretion vested in the trial court. We are further well aware of the established rule that the amount of the award for damages for personal injuries must be based on the facts and circumstances of the particular injury under study and that the comparison of similar cases is made solely for the exclusive purpose of determining whether or not the amount awarded by the trial court is so excessive or inadequate as to constitute an abuse of its discretion. We have studied this case and made a comparison in conformity with the above rules. The clear result is that we conclude and hold that the award of $6,-000.00 by the trial court is excessive and should be reduced to $3,500.00.
*60 For the reasons herein set out, the judgment appealed from is amended to reduce the amount awarded to Mrs. Jack M. Chaney from $6,000.00 to the sum of $3,-500.00. The judgment is affirmed in all other respects. The costs of this appeal are assessed to plaintiffs-appellees.
Amended and affirmed.