LeSUEUR, Judge.
Judith' Laque, the plaintiff’s minor daughter, was injured in an intersectional collision which occurred at about 1:00 o’clock a.m. on January 28, 1968, at the intersection of Wisner Boulevard and Fil-more Avenue in the City of New Orleans. She was, at the time, a guest passenger in *130 one of the two vehicles involved, an automobile driven by Herman J. “Butch” Duhe. William W. Familia was driving the second vehicle. Both drivers were unemanci-pated minors.
Mr. Laque, as administrator of Judith’s estate, filed suit against the appropriate representative of each driver and joined the relevant insurance carriers. The trial court found both drivers negligent and fixed damages at $1,000.00.
The judgment was rendered on June 9, 1969. On June 27, 1969, the plaintiff appealed devolutively, seeking an increase in the award. The Civil District Court issued a Notice of Appeal fixing the return date as August 25, 1969. The transcript, however, was lodged some two weeks earlier than the return date (August 12, 1969).
LSA-C.C.P. art. 2133, provides:
“An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Amended by Acts 1968, No. 129, § 1.”
No one filed an answer to the plaintiff’s appeal within the period delineated by this Article.
The clerk of this court issued a notice of the assignment of the case for hearing on January 12, 1970. The Familia parties filed an answer two days later seeking a review of the trial court’s finding that William W. Familia was negligent.
The language of the statute plainly forecloses review of an untimely answer. Chaney v. Carroll, La.App., 224 So.2d 57 (1st Cir.1969). Counsel for the Familia parties, however, objects to the imposition of this rule, maintaining that he was entitled to and did not receive notice of lodging from the clerk.
Pursuing this argument, counsel has shown that he has no record of having received notice. That, however, is by no means the same as showing that notice was not in fact received and is, in our view, insufficient to overcome the presumption that the clerk discharged his duty and that having been mailed, the notice was received. Vavoline Oil Co. v. Concordia Parish School Board, La.App., 216 So.2d 702 (3rd Cir.1968).
Accordingly, we will restrict our review to the issue of damages.
The trial court concluded that, with the single exception of a moderately severe strain of the right ankle joint, all injuries were minor. The court further found that the ankle required a cast for a limited period (some 10 days) and an elastic anklet for approximately five weeks after the cast was removed. No marked residual impairment was found.
All of these conclusions were drawn from conflicting evidence and rest upon credibility assessments. After review of the testimony, we see no manifest error and, accordingly, see no abuse of discretion in the amount of the award.
For the above reasons, the judgment appealed is affirmed. The appellant is cast for the cost of appeal.
Affirmed.