245 So.2d 414 (1971)
BOSSIER MILLWORK & SUPPLY COMPANY, Plaintiff-Appellee,
v.
D. & R. CONSTRUCTION COMPANY, Inc., and Joe D. Lane, Defendant-Appellant.
No. 11570.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1971.
James E. Bookter, Bossier City, for appellant, D. & R. Construction Company; Booth, Lockard, Jack, Pleasant & LeSage, by John R. Pleasant, Shreveport, for defendant-appellee, Joe D. Lane.
Peters, Ward, Johnson & Phillips by Hugh T. Ward, Shreveport, for intervenor-appellee, American Title Insurance Company; Love, Rigby, Dehan & Love, by Kenneth Rigby, Shreveport, for plaintiff-appellee.
Before AYRES, PRICE and HEARD, JJ.
PRICE, Judge.
This appeal involves a review of a judgment of the district court holding John R. Duncan, a stockholder in D. & R. Construction Company, Inc., personally liable for an account of the corporation.
Bossier Millwork & Supply Company filed suit against D. & R. Construction Company, Inc., to recover the sum of $4,014.93, and to have a materialmen's lien recognized and enforced against property previously sold by D. & R. Construction to Joe D. Lane.
Judgment was rendered for plaintiff as prayed for in the main demands. Also *415 judgment was rendered for the same amount in favor of a third party plaintiff, American Title Insurance Company, against third party defendants, D. & R. Construction Company, Kenneth Neal Roberts and John Ritter Duncan, in solido. This appeal is limited solely to the correctness of the judgment on the third party demands against John Ritter Duncan, as only he has appealed from the judgment rendered.
The facts giving rise to this litigation are as follows:
John Ritter Duncan and Kenneth Neal Roberts formed D. & R. Construction Company, Inc., by executing articles of incorporation filed August 29, 1968, reflecting an authorized capital of 1,000 shares of no par value stock. The articles of incorporation stated 490 shares were issued to Roberts and the same number to Duncan, with the remaining twenty shares going to the wives of these individuals. These parties constructed a residence on Lot 49 of the Greenacres Subdivision, Unit 7, of Bossier City, and contracted to sell it to Joe D. Lane. To finance the purchase price of the residence, Lane procured a Veterans Administration guaranteed mortgage loan from the Bossier Bank & Trust Company. In connection with the execution of the loan, American Title Insurance Company was requested to issue a title insurance policy insuring the mortgagees that the property was entirely free of any inchoate liens. As a prerequisite to the issuance of the policy of title insurance, Kenneth Neal Roberts signed a lien affidavit making an oath to the effect that all charges and costs for labor performed, material furnished and fixtures installed on the premises were paid for in full and that the premises was free and clear of all claims which would give rise to a lien. The loan closing transaction was completed and Roberts and Duncan accepted a check for the net proceeds of the sale from the closing attorney after the deduction of the balance owed on an interim financing mortgage. Thereafter, several liens, including the one which gave rise to this litigation, were filed against the property.
American Title Insurance Company intervened in the suit by plaintiff, Bossier Millwork Supply, to test the validity of its claim, and, in addition, filed a third party demand against D. & R. Construction Company, Inc., Roberts and Duncan, seeking to hold them liable in solido for any loss it might sustain should the court uphold the validity of the lien. All parties concede the correctness of the judgment of the court recognizing the lien, and this appeal is restricted to the question of the correctness of the judgment holding Duncan personally liable along with the corporation.
In its third party petition, American alleges that Duncan and Roberts should be held individually liable as the dominant stockholders in the D. & R. Construction Company, Inc., for their action in knowingly making, or allowing to be made, an affidavit to be relied upon by American falsely asserting that there was no money owed for labor and materials on the property to be insured. American further alleges that the D. & R. Construction Company is not a true corporate entity but is merely the alter ego of the defendants, Roberts and Duncan, who formed same merely to escape personal liability in their personal business venture. It is also alleged that Duncan and Roberts are in violation of a criminal statute, La. R.S. 14:202 (as amended Acts 1960, No. 554, Sec. 1):
"202. Contractors, misapplication of payments prohibited; penalty.
"A. Any person, contractor or subcontractor or agent of a contractor or subcontractor who has applied any money received on account of any contract including contracts and mortgages for interim financing, for the construction, erection, or repair of any building, structure, or other improvement to any other purpose than the settlement of claims for material and labor due or to become *416 due for said construction or under the contract shall, in case of default on the contract, or default in payment of claims for material or labor, be fined not less than one hundred dollars nor more than five hundred dollars and imprisoned for not less than thirty days nor more than six months, and in default of fine, imprisoned for not less than thirty days nor more than six months additional."
The evidence in the record discloses that after the execution of the articles of incorporation the parties took no further steps toward perfection of the corporate existence. No stock was ever issued, nor were minutes kept of any corporate meetings. The two parties simply opened a bank account in the name of the corporation and the check book for this account is the sole record of any corporate transactions. As individual contributions to the capital of the corporation, Duncan allowed the use of a pickup truck belonging to him in his electrical contracting business, and Roberts permitted the corporation use of his carpentry tools and equipment.
Although Roberts alone signed the affidavit on behalf of the corporation, it is admitted by Duncan that he participated in the management of the financial affairs of the business. He testified that at the end of each month he reviewed with Roberts the accounts owing by the business, and checks were issued in payment of bills at that time. He further admitted he knew the loan was scheduled for closing and that all of the bills for materials and labor on this residence had not been paid. He also admits going with Roberts to the attorney's office to receive the check for the net proceeds of the loan, and participating in the distribution of the funds without disclosing to the attorney that bills were outstanding on the house.
On the basis of this evidence, the trial judge concluded D. & R. Construction, Inc. was not operating as a corporate entity, but was merely the alter ego of Duncan and Roberts, and that their conduct in procuring the proceeds of the loan amounted to fraud and deception. The court cited the cases of Shreveport Sash & Door Co., Inc. v. Ray, 159 So.2d 434 (La.App. 2d Cir., 1963); L. L. Ridgway Company, Inc. v. Marks, 146 So.2d 61 (La.App. 4th Cir., 1962); and Texas Industries, Inc. v. Dupuy & Dupuy Developers, Inc., 227 So.2d 265 (La.App. 2d Cir., 1969), as authority for holding the individuals liable in solido with the corporation for this indebtedness.
The sole appellant from this judgment, Duncan, alleges the court committed error in holding him personally liable for the debts of the corporation. He argues the facts of this case are identical to those involved in the case of Texas Industries, Inc. v. Dupuy, supra, in which this court reversed a trial court judgment holding an individual stockholder liable for the debt of the corporation. There are several important distinctions between the facts of this case and the facts as found by this Court in the Texas Industries v. Dupuy case. In that case, the court found there were no facts which could justify the conclusion that the corporation was the alter ego of A. J. Dupuy, Sr. It was pointed out by the court in its finding of fact that Dupuy, Sr. had no participation in the management of the affairs of the corporation and had no knowledge of the execution of the lien affidavit.
In the Texas Industries v. Dupuy case, supra, this court concisely stated the general rule of immunity of shareholders from corporation liabilities as follows:
"Among principles statutory in origin and well recognized in the jurisprudence of this State is the rule that corporations are individual beings, separate and distinct from the individuals who compose their membership. LSA-C.C. Art. 435. The estates and rights of corporations belong exclusively to them. LSA-C.C. Art. 436. Therefore, the debts and obligations due to a corporation are not due *417 to the individuals who compose its membership. Hence, a creditor of a corporation cannot compel the corporate members or stockholders to individually pay that which is due by the corporation. LSA-C.C. Art. 437; LSA-R.S. formerly 12:19(A), now 12.93(B)."
However, the court acknowledged the exception to the non-liability rule where fraud or deceit has been perpetrated on a third party through the corporation as provided in LSA-R.S. 12:95.
We are of the opinion that the facts of this case warrant a finding that deceit has been practiced by Duncan as well as Roberts in causing American Title Insurance Company to act to its detriment based on the representation that no bills were outstanding in the construction of the residence on the property insured.
The falsity of the affidavit signed by Roberts is admitted. Duncan argues that he cannot be charged with practicing deceit for an act committed by Roberts.
However, the facts as we understand them lead to the conclusion that Duncan had equal authority and participation in the management of the financial affairs of their venture and knew that the sale and mortgage transaction would be consummated at the appointed time. With his knowledge of the circumstances of the financial plight of the construction project, he was under an equal duty with Roberts to advise the attorney who represented American Title Insurance that all bills had not been paid. The willful action of Duncan in participating in the receipt and distribution of funds derived from the transaction renders him equally guilty of the deceit practiced on third party plaintiff. Having done so, Duncan may not use the corporate entity as a shield from personal responsibility.
For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.