253 So.2d 547 (1971)
Myrtis Wales CEFALU, Administratrix for the Succession of Anthony Vincent Cefalu
v.
N. CEFALU COMPANY, Inc., et al.
No. 8484.
Court of Appeal of Louisiana, First Circuit.
September 2, 1971.
Rehearing Denied November 3, 1971.
*549 Edward F. Glusman, Baton Rouge, James Barnett, Denham Springs, Iddo Pittman, of Pittman & Matheny, Hammond, for appellant.
L. Barbee Ponder, Jr., Amite, for appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff Administratrix instituted this action against N. Cefalu Company, Inc. (corporation) and Nick Cefalu, individually, to recover monies due decedent Anthony Vincent Cefalu by defendant corporation. Defendant Nick Cefalu reconvened praying for judgment against decedent's estate in the sum of approximately $50,000.00 allegedly owed by decedent for loans and advances made by reconvener to decedent during decedent's lifetime. The trial court rendered judgment in favor of reconvener in the sum of $18,810.00, but held that said amount was subject to compensation by offset of the $12,269.64 owed decedent by the corporation and awarded judgment in favor of Nick Cefalu, individually, against decedent's estate for the balance of $6,540.36. All other claims of all parties concerned were specifically rejected and dismissed by the trial court. Plaintiff has appealed praying that the judgment in favor of defendant Cefalu be set aside and judgment rendered in favor of decedent's estate against defendant in the sum of $12,269.64. Defendant corporation has neither appealed nor answered appellant's appeal. Defendant Nick Cefalu answered plaintiff's appeal praying for an increase in his award, but the answer was untimely filed as will hereinafter appear. We reverse and render judgment in favor of plaintiff as prayed for.
There is little dispute concerning the facts of this case. It is stipulated that as of July 25, 1958, the date of decedent's death, decedent was due a credit on the books of defendant corporation in the amount of approximately $16,000.00. Subsequent to decedent's demise, payments aggregating some $4,000.00 were made to Administratrix (in the form of a $100.00 monthly "draw" and the payment of certain bills and funeral expenses owed by decedent) and charged against the credit due. It is stipulated and conceded that as of June 30, 1963, the credit due decedent totaled $12,269.64. On June 30, 1963, defendant Nick Cefalu, President and General Manager of defendant corporation, transferred the credit in decedent's name to the personal account of Nick Cefalu standing on the corporation's books.
Administratrix' suit was filed October 2, 1964. Defendants filed exceptions of no cause and no right of action and pleas of prescription of one, three and five years, all of which exceptions were overruled by the lower court. The reconventional demand of defendant Nick Cefalu, filed April 15, 1970, is predicated upon loans and payments allegedly made to decedent during the years 1952 to 1958 inclusive. The loans and advances allegedly represent the purchase price of New York Central Railroad bonds purchased by reconvener in decedent's name with reconvener's personal funds. Administratrix filed exceptions of one, two, three, five and ten years prescription in opposition to defendants' reconventional demand. The trial court did not expressly pass on Administratrix' pleas of prescription, but said exceptions must be deemed overruled considering judgment was rendered against appellant on the reconventional demand. Succession of Foster, 240 La. 269, 122 So.2d 96.
A considerable portion of the rather meager transcript was devoted to determination of the issue whether parol evidence was admissible to prove appellees' reconventional demand which was asserted more than one year after decedent's demise. Since we find that the trial court erred in failing to sustain Administratrix' plea of ten years prescription and reject and dismiss defendants' reconventional demand, it is unnecessary to determine whether, as *550 appellant contends, the lower court erred in permitting parol proof of the reconventional demand which was asserted more than one year following decedent's demise contrary to LSA-R.S. 13:3721.
Appellant maintains the trial court erred in rejecting her principal demand and also erred in overruling her pleas of prescription to the reconventional demand and in granting defendant Nick Cefalu judgment on his reconventional demand in any amount whatsoever. As previously noted, appellee Nick Cefalu has answered the appeal contending the trial court erred in overruling his pleas of prescription and praying for an increase in the judgment in his favor, but his answer to the appeal was untimely filed.
The return date in this instance was March 15, 1971; the record was lodged in this court on March 5, 1971. Reconvener's answer to this appeal was filed April 29, 1971. An answer to an appeal must be filed within fifteen days of the return date or the day on which the record is actually lodged in the Court of Appeal, whichever is later. LSA-C.C.P. art. 2133. Reconvener's answer was filed more than 15 days after the above return date and therefore cannot be considered. LSA-C.C.P. art. 2133; Chaney v. Carrol, La. App., 224 So.2d 57. Where an appellee's answer to an appeal is filed too late, the Court of Appeal lacks authority to give it consideration. Gulf States Utilities Company v. Wright, La.App., 195 So.2d 663.
Inasmuch as reconvener's pleas of one, three and five years' prescription in defense of plaintiff's main demand were overruled by the lower court and reconvener has neither appealed nor timely answered appellant's appeal, the judgment of the trial court overruling said exceptions has become final and may not be reviewed. Post v. Rodrigue, La.App., 205 So.2d 67; Williams v. Langston, La.App., 138 So.2d 691.
The minutes of the trial court for October 30, 1970 indicate that the trial court allowed an offset of $12,269.64 against the amount of $18,810.00 found to be due intervenor by decedent's estate. In so holding, the trial court committed an error of law.
La.R.C.C. art. 2207 defines compensation or offset as follows:
"Art. 2207. When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereinafter expressed." (Emphasis by the court.)
Compensation takes place by mere operation of law even unknown to the debtors concerned. The debts are reciprocally extinguished as soon as they exist simultaneously to the amount of their respective sums. La.R.C.C. art. 2208.
It is settled law that compensation or offset takes place only where there is a mutuality of obligors. Ben C. Penn and Son v. Thompson Packers, Inc., La.App., 169 So.2d 259; Haydel v. Ruossel, 1 La. Ann. 35.
The element of mutuality of simultaneously existing creditor and debtor relationship, indispensable to compensation, is lacking in this instance.
Assuming arguendo, decedent was indebted to reconvener in the sum claimed by reconvener, there was no mutuality creditor-debtor relationship between reconvener and defendant corporation which was the debtor of decedent. It is conceded that the credit due decedent on the corporation's books was an obligation of the corporation, not defendant Nick Cefalu individually. The fact that reconvener Nick Cefalu was the President and General Manager of defendant corporation is a matter of no moment. An obligation of a corporation is not an obligation of its officers, stockholders or employees. A corporation is a separate legal entity, distinct from its officers, agents and employees. Livaudais v. Schwartz, La.App., 167 So.2d 499. A corporation and its shareholders *551 are not one and the same even though the number of shareholders is reduced to one. Even in such circumstances the corporation retains its identity as a separate legal entity. Johnson v. Kinchen, La.App., 160 So.2d 296. A corporation is a separate legal entity distinct from its officers, directors, stockholders, agents, employees or representatives. General Motors Acceptance Corporation v. Hahn, La.App., 190 So. 869. What is due to a corporation is not due to any of the individuals who compose it and vice versa. La.R.C.C. art. 435. By the same token, what is due by a corporation is not due by any of the individuals who compose the corporation and vice versa.
Since the amount owed decedent by defendant corporation was owed by a "person" other than reconvener, Nick Cefalu, there could be no compensation in this instance as a matter of law.
The reconventional demand of defendant Nick Cefalu is concededly founded on an alleged personal obligation of decedent. Additionally, reconvener alleged and admitted during trial that the last funds advanced decedent were furnished in 1958. Defendant's reconventional demand was not filed until April 15, 1970, more than 10 years after the last funds were purportedly advanced to decedent.
Pursuant to La.R.C.C. art. 3544, all personal actions prescribe in 10 years. The prescription provided for in Article 3544, above, is clearly applicable herein and bars reconvener's demands. In overruling appellant's plea of 10 years prescription, the trial court committed reversible error.
Appellant has prayed for judgment against defendant corporation and Nick Cefalu, individually, in solido. Considering defendant Nick Cefalu's action constituted an unwarranted and unfounded appropriation of decedent's property, we deem a judgment against defendants in solido to be in order.
It is ordered, adjudged and decreed that the judgment of the trial court dismissing appellant's demands against defendants herein and awarding judgment in favor of defendant Nick Cefalu against appellant be and the same is hereby annulled, reversed and set aside.
It is further ordered, adjudged and decreed that there be judgment herein in favor of appellant, Mrytis Wales Cefalu, Administratrix of the Estate of decedent Anthony Vincent Cefalu, against defendants, N. Cefalu Company, Inc. and Nick Cefalu, in solido, in the full sum of $12,269.64, together with legal interest thereon from July 25, 1958, until paid, all costs of these proceedings to be paid by defendants, N. Cefalu, Inc. and Nick Cefalu.
Reversed and rendered.