BOWES, Judge,
dissenting.
I disagree with the majority in that I believe that LaDel in its original petition actually did require that the Court pierce the corporate veil of Greg Fox Productions and find Fox individually liable. Under the facts and circumstances of this ease, I do not feel that the plaintiff carried its burden of proof. The “exceptional circumstances”, required by the jurisprudence, are simply riot present in this case. (See Liberto v. Villard, 386 So.2d 930 (La.App. 3rd Cir.1980) quoting Kingsman Enterprises v. Bakerfield, 339 So.2d 1280 (La.App. 1st Cir.1976).
The majority bases its opinion on the credit application, invoices made out to Greg Fox Productions, and the checks of defendants which do not show the corporate name. The majority opinion notes that the invoices in question were prepared by the plaintiff and so less weight is given them. However, the credit application was also drawn up by the plaintiff.
Mrs. Lala initiated and prepared the application, filling it out from information taken over the telephone. Fox never saw the application, nor signed it, nor in any way attested to its accuracy. This court should not hold him responsible for the inaccuracies contained therein, which are self-serving statements beneficial to LaDel, Inc., whose employee prepared the same.
Mrs. Lala testified that she would have checked “individual” on the form only in response to a question; that she was “told” he was operating as an individual, that she always asks; but when pressed by defense counsel, she admitted that she could not be sure, that she “might” have asked. Fox, on the other hand, was quite certain that she had not asked whether the business was a corporation. The record reveals uncertainty on the part of Mrs. Lala, rather than a conflict in testimony.
The factor which may have been most misleading is the omission of the abbreviation “Inc.” on the defendant’s stationery and checks. The corporate certificates, articles of incorporation, initial report, etc., show the name of the business as “Greg Fox Productions, Incorporated.” Certain W-2 forms were introduced at trial to show that several employees were paid by Fox Productions, Inc. A letter to plaintiff’s president dated June 8, 1979, informing him of services available, consistently refers to the business in the plural (we’re in the animation business now”; “our new equipment”, etc.). A letter to plaintiff’s counsel dated August 12, 1980, from defendant, continues this plural characterization and further refers to “our company.” Fox testified that the omission of the letters “Inc.” on his checks was done by the bank in printing the checks, and that he had mistakenly failed to include the abbreviation on his stationery. Admittedly, this testimony is self-serving, but not to the extent of the self-serving testimony introduced by plaintiff, whose burden it is to prove the case.
The Louisiana Revised Statutes provide that the corporate name shall include the word “Corporation”, or “Incorporated”. The statute does not provide penalties for failure to do so. The failure to use such *1302 words does not, per se, create a presumption of fraud sufficient to permit piercing the corporate veil.
I do not condone failure to follow the law, and, under other circumstances, one who fails to declare his corporate status by use of the word “Corporation” or “Incorporated” or “Inc.” in his corporate business might well be held personally liable.
However, the “totality of circumstances” referred to in our jurisprudence requires us to take the failure to include words such as “Inc.” into consideration, along with the other behavior of defendant, to determine whether the corporation became his alter-ego; whether the individualities of the corporation and the defendant ceased to exist; or whether the corporation no longer existed as an individual distinguishable from the shareholder. No evidence of such inter-changability between Fox and Greg Fox Productions, Inc. was adduced at trial. There was no showing that there was any co-mingling of personal and corporate funds, or that the defendant used the corporation to further his personal affairs. In short, plaintiffs presumption that Greg Fox Productions operated as an individual is not supported by a preponderance of the evidence.
I also disagree with the majority opinion insofar as it is not apparent to me that the' trial court ruled against the defendant in the question of credibility. Indeed, from the remarks of the judge at the end of the trial, it appears to me that he felt rather that plaintiff should have been on notice that Greg Fox Productions was, in fact, a corporation, and I am perplexed at his ultimate decision, without written reasons, in favor of plaintiff.
Further, the judgment appears to me to be a compromise on the part of the judge to assure payment to plaintiff. Such a result is hinted at in the trial judge’s closing remarks. While I am mindful that the corporate entity is disregarded in order to prevent defrauding of creditors, I feel that the facts do not warrant the holding of Greg Fox liable, individually, by the trial judge or the result reached by the majority.
Finally, the case footnoted in the majority opinion should not be confused in the present situation. Fox, in that case, failed to present evidence, in a motion for summary judgment, that Greg Fox and Greg Fox Productions were not the same entity. Therefore, that opinion was not so much dispositive of the present question as it was a judgment by default. The facts and circumstances in the two cases are completely different, I feel that reference to that case is inappropriate.
For the foregoing reasons, I respectfully dissent.