**In re Roger D. VOCQUE, Debtor.**

**Roger D. VOCQUE, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 584–01270–A13.**

**Adv. No. 584–0296.**

United States Bankruptcy Court,
W.D. Louisiana,
Alexandria Division.

Jan. 15, 1986.

Irving Ward-Steinman, Alexandria, La., for plaintiff-debtor.

Joseph S. Cage, Jr., Levin Harris, Paul E. Pelletier, for I.R.S., Dept. of Justice—defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LeROY SMALLENBERGER, Bankruptcy Judge.

The plaintiff, debtor Roger D. Vocque, filed a Chapter 13 voluntary petition in bankruptcy on September 13, 1983. On September 15, 1983, this Court issued an order for an automatic stay pursuant to 11 U.S.C., Section 362(a).

On August 24, 1984, the Internal Revenue Service (IRS) served a notice of levy upon Security First National Bank seeking any and all money belonging to the taxpay-

---

er, Roger Dale Vocque, DVM, a Professional Corporation, EIN 72–0896406. Pursuant to this levy, Security First National Bank turned over to the IRS $1,586.73 from the bank account of Pineville Animal Hospital, Inc.

On October 2, 1984, the IRS filed a proof of claim in the above-captioned proceeding listing claims against Roger D. Vocque for federal withholding and FICA taxes in the amount of $3,019.70. This amount represented only the trust fund portion of the federal withholding and FICA taxes of Roger D. Vocque, DVM, a Professional Corporation, i.e., those taxes for which Roger D. Vocque was personally liable as a responsible officer of the professional corporation.

On September 25, 1984, plaintiff filed a complaint in this action seeking to recover the money seized by the IRS from the bank account of Pineville Animal Hospital, Inc. On November 2, 1984, defendant filed a motion to dismiss or for summary judgment with this Court.

After hearing on the defendant's motion and plaintiff's cross-motion, this Court issued a memorandum ruling on May 30, 1985, ordering that an evidentiary hearing be had in this matter to determine, *inter alia*, (1) the corporate statuses of Roger D. Vocque, DVM, a Professional Corporation, and Pineville Animal Hospital, Inc., and (2) the source of the seized funds. Subsequent to the issuance of this memorandum ruling, the United States served upon plaintiff various interrogatories and requests for admission. A hearing was held in this matter on June 27, 1985.

At that June 27, 1985 hearing, defendant presented into evidence as defendant's Exhibit No. 1 the Articles of Incorporation of Roger Dale Vocque, DVM, a Professional Corporation. As defendant's Exhibit No. 2, the United States presented the 1982 corporation income tax return which was filed under the name of Pineville Animal Hospital, Inc., with the Employer Identification Number (EIN) 72–0896406. The record further indicates that three employer identification numbers were issued to the plain-

tiff: Roger Vocque, DVM, a Professional Corporation, Pineville Animal Hospital, Inc. and Roger Vocque a sole proprietor.

In our April 23, 1985 Memorandum Ruling this Court indicated that under section 1306 if the funds seized were earnings of the debtor, and in his constructive possession, then those funds would be property of the estate and therefore subject to the protection afforded by the automatic stay of section 362.

Upon an examination of the evidence, the Court concludes that the funds seized were not the earnings of the debtor, but the earnings of the corporation.

Although the presentation of evidence in this case was somewhat convoluted, the following is apparent. First, the plaintiff intended to make entities distinct and separate from Roger Vocque the individual. The plaintiff opened up the separate bank accounts, requested separate tax entities and established a separate professional corporation. Second, by contract, the plaintiff was an employee of the corporation. Clearly, the plaintiff attempted to separate himself from the professional corporation and its potential liability. Lastly, the W–2 Wage and Tax Statements for 1982, 1983 and 1984 indicate that the plaintiff was an employee and was paid as an employee of the corporation. To allow the plaintiff to now argue that he did not treat the corporation and himself as separate entities would be absurd. The plaintiff can not pick and choose when the benefits of a separate incorporation will or will not apply.

Next, the plaintiff has repeatedly argued that payments to the Chapter 13 Trustee have been made from the corporate account and hence indicate that the plaintiff has comingled corporation and individual obligations. The only evidence to this effect, however, is the plaintiff's statement, no "paper trail" was introduced and other evidence indicates that the plaintiff's wife paid the couple's bills from a separate account. In effect, the debtor has attempted to pierce the corporate bill on his own behalf. In applying the totality of the cir-

cumstances test under Louisiana Law, we can not conclude that the plaintiff acted in such a way to destroy the separateness of the corporate entity. *Kingsman Enterprises, Inc. v. Bakerfield Electric Co.*, 339 So.2d 1280 (La.App. 1st Cir.1976). L.A.-R.S. 12:901 et seq.

Accordingly, the IRS made an appropriate determination of its right to proceed against the funds at issue here; the funds were not property of the estate as defined in section 1306 and section 541 and the automatic stay of section 362 was not applicable. Therefore,

IT IS ORDERED that the Complaint for Turnover of Property filed by the plaintiff is dismissed. The plaintiff and the defendant are to bear their own costs of this proceeding.