447 So.2d 61 (1984)
Frank P. ARNONE
v.
ILLINOIS CENTRAL GULF RAILROAD COMPANY.
No. 83 CA 1053.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Charles B.W. Palmer, Amite, for plaintiff-appellee.
Frank S. Craig, III, Chris Lipsey, Baton Rouge, for defendant-appellant.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
This show cause was issued pursuant to a motion by defendant-appellant, Illinois Central Gulf Railroad, to dismiss the answer filed in this appeal by plaintiff-appellee, Frank P. Arnone, on the basis of untimeliness.
The instant appeal arises out of a suit filed by Arnone against Illinois Central Gulf Railroad for crop damages. Following judgment in plaintiff's favor, defendant took an appeal therefrom. The return date for this appeal was set for September 18, 1983. The record was lodged on September 13, 1983. On October 5, 1983, plaintiff filed an answer to defendant's appeal requesting an increase in the damages awarded. Subsequently, this motion to dismiss was filed by defendant.
Louisiana Code of Civil Procedure 2133 provides that an answer to an appeal must be filed "... not later than fifteen days after the return day or the lodging of the record whichever is later." In the instant case, the September 18th return date was the later of these two dates. Accordingly, plaintiff had fifteen days therefrom in which to file an answer.
*62 Plaintiff admits in his Opposition to Motion to Dismiss, answer was not filed within this period. Nevertheless, he argues that his answer should not be dismissed since the language of LSA-C.C.P. art. 2133 does not specifically mandate such a result. While it is true that art. 2133 does not expressly mandate dismissal, the jurisprudence is clearly to the effect that an untimely answer cannot be considered by an appellate court. See: Commercial Union Insurance Company v. Melikyan, 430 So.2d 1217, 1224 (La.App. 1st Cir.1983); Good v. Louisiana Commission on Governmental Ethics, 370 So.2d 123 (La.App. 1st Cir.1979), writ denied 371 So.2d 836 (1979); Cefalu v. Cefalu Company, 253 So.2d 547 (La.App. 1st Cir.1971). Accordingly, an answer not filed within the delay permitted by law is subject to dismissal upon motion by the opposing party. Sanders v. Williams, 434 So.2d 172, 175 (La. App. 3d Cir.1983); McCaskill v. Deviney Construction Company, 323 So.2d 178 (La.App. 3d Cir.1975), writ denied, 325 So.2d 615 (1976).
The motion to dismiss filed by Illinois Central Gulf Railroad Company is hereby granted, and the answer to appeal filed by Frank P. Arnone is hereby dismissed, all costs of the answer to the appeal to be borne by Frank P. Arnone.
ANSWER TO APPEAL DISMISSED.