461 So.2d 325 (1984)
Frank P. ARNONE
v.
ILLINOIS CENTRAL GULF RAILROAD.
No. 83 CA 1053.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*326 Charles B.W. Palmer, Amite, for plaintiff-appellee.
Frank S. Craig, III, Christine Litsey, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment notwithstanding the verdict in favor of plaintiff-appellee, Frank P. Arnone, Jr., and against defendant-appellant, Illinois Central Gulf Railroad (ICGR). Arnone filed suit alleging that ICGR's failure to properly maintain a culvert and drainage ditch on its railroad right-of-way caused his property to flood, resulting in bacterial spot disease which destroyed his 1979 bell pepper crop. ICGR answered the petition denying liability and praying for a jury trial. Arnone was then permitted to amend his petition to allege damages for the years 1980 and 1981. After answering the amended petition, ICGR filed a peremptory exception of prescription regarding the claim for damages for years 1980 and 1981. The trial judge reserved ruling on the exception until after a jury verdict could be rendered. After trial on the merits, the jury returned a verdict in favor of ICGR finding no liability.
Subsequently, Arnone filed a Motion for a New Trial. Prior to this motion being heard by the court, Arnone filed an Amended New Trial Motion, and Alternatively Motion for Judgment Notwithstanding the Verdict. On the hearing of this motion, the trial judge determined that a judgment notwithstanding the verdict was called for regarding the claim for the 1979 bell pepper crop and granted Arnone judgment in the amount of $5,363.00 plus costs and interest from judicial demand. Additionally, the trial judge maintained ICGR's previously filed *327 exception of prescription as to the claim for damages for 1980 and 1981. Next, Arnone filed a Motion for Amended New Trial, or Alternatively, to Amend Judgment Notwithstanding the Verdict. The trial judge, without a hearing on the motion, amended the judgment notwithstanding the verdict, additionally ordering ICGR to repair and maintain the culvert.
Appellant, ICGR, maintains that the trial judge erred in granting the judgment notwithstanding the verdict. It is appellant's contention that the trial judge applied the wrong standard in determining that the judgment notwithstanding the verdict should be granted. Additionally, ICGR maintains that the trial judge erred in substantively amending the judgment on appellee's motion without a contradictory hearing. We agree. Appellee, Arnone, filed an untimely answer to the appeal seeking an increase in the damage award and alleging error on the part of the trial judge in sustaining ICGR's exception of prescription. Arnone's answer to the appeal was dismissed by this court in Arnone v. Illinois Central Gulf Railroad Company, 447 So.2d 61, (La.App. 1st Cir.1984), therefore, we need not consider these allegations in this appeal.
It is apparent that the trial judge applied the wrong legal standard in determining that a judgment notwithstanding the verdict was warranted in this case. In both his judgment and his oral reasons for the granting of the judgment, the trial judge stressed that the preponderance of the evidence was in favor of Mr. Arnone as to the claim for the 1979 crop failure.
LSA C.C.P. art. 1811[1] is the statutory authority for a motion for a judgment notwithstanding the verdict. This article does not, however, provide the standard to be applied by the trial judge in determining the propriety of such a motion. In Rougeau v. Commercial Union Ins. Co., 432 So.2d 1162 (La.App. 3rd Cir.1983), writ denied, 437 So.2d 1149 (La.1983), the Third Circuit determined that the proper standard to be applied on a motion for a judgment n.o.v. was that standard applied on motions for directed verdicts. Additionally, the Court determined that since the Louisiana Code of Civil Procedure provision was modeled after Rule 50(b), (c) and (d) of the Federal Rules of Civil Procedure, it was appropriate to look at federal jurisprudence interpreting those rules.
In determining what the appropriate standard for directed verdicts was in Louisiana, the Rougeau Court relied on Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir.1979). The Court in Campbell, in turn relied upon the U.S. Fifth Circuit case of Boeing v. Shipman, 411 F.2d 365, 374 (5th Cir.1969), where in the Court found,
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence-not just that evidence which supports the non-mover's case-but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.
We are of the opinion that the quality and weight of the evidence in this case is such that "reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions."
It is not disputed that the culvert in question was partially obstructed and that some excessive water did in fact reach Mr. Arnone's field. On the other hand, it is *328 also not disputed that Mr. Arnone's property is by nature low, poorly drained bottom land. Additionally, there is no dispute as to the fact that Mr. Arnone's 1979 bell pepper crop was destroyed as the result of bacterial spot disease.
In support of his position, Mr. Arnone presented Mr. Delos Jones as an expert in the field of horticulture. Mr. Jones did in fact testify that the crop in question developed bacterial spot disease which results from the land becoming saturated with water. However, Mr. Jones further testified that bacterial spot disease was a prevalent disease in Tangipahoa Parish, often resulting from natural rainful conditions.
ICGR presented expert testimony tending to show that the amount of excess water reaching the Arnone property was inconsequential in comparison to the amount of water naturally reaching the property. It is apparent that the jury, as trier of fact, gave greater weight to this testimony than did the trial judge. As noted in Rougeau, supra, at 1166, in applying the correct standard on a motion for a judgment n.o.v., "... the court can not weigh the evidence, pass on the credibility of the witnesses, or substitute its judgment of the facts for that of the jury." (citation omitted). Given the evidence presented, we are of the opinion that reasonable minds might reach contrary verdicts in this matter, and thus, the granting of the judgment n.o.v. was improper.
We further agree with ICGR's position that it was error for the trial judge to substantively amend the judgment n.o.v. ex parte after it had been rendered. LSA C.C.P. art. 1951 provides,
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
By ordering an additional affirmative act on the part of the railroad (i.e. repairing or maintaining the culvert), the judgment was amended substantively in contravention of LSA C.C.P. art. 1951.
Therefore, for the foregoing reasons, the judgment of the trial judge in granting the judgment n.o.v. and subsequently amending the judgment n.o.v. is hereby reversed. Judgment is hereby rendered in accordance with the verdict of the jury finding no liability on the part of the Illinois Central Gulf Railroad. Costs of this appeal are taxed to appellee, Mr. Frank Arnone, Jr.
REVERSED AND RENDERED.
NOTES
[1] At the time of the trial of this matter, the provisions of LSA C.C.P. art. 1811 were contained in LSA C.C.P. art. 1810.1, repealed by Acts 1983, No. 534, § 11. The repeal of article 1810.1 and the subsequent enactment of article 1811 by Acts 1983, No. 534 § 8, in no way affects this case.