469 So.2d 15 (1985)
Harold F. MENARD
v.
Barbara KING and Ambulance Service Company of Baton Rouge, Inc.
No. CA 84-0121.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
J.J. McKernan, Baton Rouge, for plaintiff-appellant, Harold F. Menard.
Myron A. Walker, Jr., Baton Rouge, for defendant-appellee, HCA Health Services *16 of Louisiana D/B/A "Doctors Memorial Hospital".
Terrence C. McRea, Baton Rouge, for defendants-appellees, Barbara King and Ambulance Service Co. of Baton Rouge.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The primary issue in this personal injury case is whether the trial court erred in denying plaintiff's alternative motions for a judgment notwithstanding the verdict or for a new trial.
On September 4, 1980, plaintiff underwent surgery for a torn cartilage at Doctor's Memorial Hospital. He engaged the Ambulance Service Company of Baton Rouge, Inc. (Ambulance Service Company) to transport him home upon his discharge on September 6, 1980. Plaintiff contends he was injured when the ambulance hit a large pothole which caused him to be thrown partially out of his stretcher.
Plaintiff filed suit against Mrs. Barbara King, the ambulance driver, and her employer, Ambulance Service Company, for injuries sustained in this alleged accident. HCA Health Services of Louisiana, Inc. (d/b/a Doctor's Memorial Hospital) was subsequently named as an additional defendant. Trial of this matter was held before a jury. In response to a special interrogatory, the jury concluded by a unanimous vote no accident occurred on September 6, 1980 whereby plaintiff was injured. (Emphasis by the court.)[1] The trial court thereafter rendered judgment in accordance with the jury's verdict, dismissing plaintiff's demands and casting him with all costs, except those costs attributable to a continuance obtained by defendants. Plaintiff subsequently filed alternative motions for judgment notwithstanding the verdict or for a new trial. The trial court denied both motions. Plaintiff now appeals.
Plaintiff contends the trial court should have granted his motion for judgment notwithstanding the verdict or, in the alternative, his motion for a new trial because the jury's verdict was clearly contrary to the law and the evidence. We disagree.
A judgment notwithstanding the verdict is appropriate only when the evidence points so strongly and overwhelmingly in favor of the moving party reasonable men could not arrive at a contrary verdict on the facts at issue. Bickham v. Goings, 460 So.2d 646 (La.App. 1st Cir. 1984), writ denied, 462 So.2d 1246 (La. 1985). Peremptory grounds for granting a new trial exist if the jury's verdict appears clearly contrary to the law and the evidence. La.Code Civ.P. art. 1972(1). However, when no peremptory ground is present the trial court is vested with wide discretion in granting or denying a motion for a new trial and its determination should not be disturbed in the absence of a clear abuse of discretion. La.Code Civ.P. art. 1973; Kollet v. Baggot, 400 So.2d 1085 (La.App. 1st Cir.1981).
The determination in the present case as to whether plaintiff was injured in an accident depends largely upon the resolution of conflicting testimony. Plaintiff testified he was partially thrown from his stretcher while being transported in the ambulance. Mr. Lin, the ambulance attendant, specifically denied such an occurrence. Furthermore, plaintiff acknowledged the alleged accident could only have occurred if the stretcher's side rails were in a down position. Both Mrs. King and Mr. Lin testified these rails remained up while plaintiff was on the stretcher. These matters relate not only to whether an accident did in fact occur but, assuming it did occur, to whether it caused plaintiff to be injured.
The jury obviously resolved the conflicts on one or both of these crucial points against plaintiff. In determining whether a judgment notwithstanding the verdict is appropriate the trial court may *17 not substitute its own credibility evaluations for that of the jury. Arnone v. Illinois Central Gulf Railroad, 461 So.2d 325 (La.App. 1st Cir.1984). Although the trial court may do so when considering a motion for a new trial, the court in the present case obviously chose not to disturb the jury's determinations on the above noted fact issues.
Based upon our review of the record as a whole, we find no error in the denial of plaintiff's alternative motions for judgment notwithstanding the verdict and for a new trial. We have also reviewed and find no merit in plaintiff's contention the trial court erred in denying his motion for mistrial, which was based on an allegedly improper question asked by defense counsel. We agree with the trial court's conclusion plaintiff suffered no prejudice as a result of this question. For these reasons, the judgment of the trial court is affirmed. Plaintiff is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] The interrogatory asked: "Do you find that an accident or injury occurred on September 6, 1980, whereby the plaintiff, Harold F. Menard, was injured?"