MOTION TO DISMISS
LABORDE, Judge.
The defendant-appellant, St. Frances Cabrini Hospital, moves to dismiss the answer filed on behalf of plaintiff-appellee, Connie Lewis, on the grounds that it was untimely filed. From a judgment entered on April 15, 1988, defendant-appellant obtained an order of appeal on June 17, 1988. On the day the appeal order was entered, counsel of record for plaintiff-appellee, James I. Barron, III, was sent notice of the appeal by the Ninth Judicial District Court. According to this court’s records, notice of the lodging of the record with this court was sent to James I. Barron, III, on September 15, 1988. The affidavit of Mr. Barron, submitted in connection with the brief on the rule to show cause why his answer to the appeal should not be dismissed, indicates he did not receive any notice of the lodging of the record from this court until October 10, 1988. The notice of the lodging sent to Mr. Barron by this court was not returned to this court by the postal service.
Mr. Edward A. Kaplan, co-counsel to Mr. Barron, stated by affidavit that he did not receive notice of the lodging of the record from this court until September 26, 1988, when he received the entire record from this court. Attached to plaintiff-appellee’s brief on the rule to show cause was a letter dated September 22,1988, addressed to this court from Mr. Kaplan informing this court he had not received notice of the lodging of the record. The letter allegedly sent to this court by Mr. Kaplan is not contained in the records of this court. Despite not having received notice of the lodging, Mr. Kap-lan knew this court’s docket number for the case as it was included in the reference section of the letter. The records of this Court indicate the record was sent to Mr. Kaplan on September 22, 1988, the same day Mr. Kaplan allegedly wrote this court regarding the failure to give notice.
In support of the contention that the answer should not be dismissed, plaintiff-appellee incorrectly cites Pike v. Stephens Imports, Inc., 448 So.2d 738 (La.App. 4th Cir.1984), for the proposition that an answer to an appeal will not be dismissed when sufficient notice of the lodging of the record has not been given. In discussing the issue, the court in Pike, supra, began by mentioning La.C.C.P. Art. 2133 which allows 15 days from the lodging of the record or return date, whichever is later, for the filing of an answer to an appeal. In Pike, supra, the record was lodged on August 16, 1983, and the answer was filed on September 13, 1983. Plaintiff had originally filed his answer in June of 1983 but it was returned to counsel by the court because the record had not been lodged with the court. Plaintiff’s counsel alleged he did not receive the notice sent by the court on August 16 informing him of the lodging. In holding the answer was timely filed, the court stated the refiling in September related back to the earlier filing in June. The facts of the instant case are clearly distinguishable from those in Pike, supra.
In plaintiff-appellee’s brief on the rule to show cause, it is argued dismissal of an untimely filed answer is inappropriate as La.C.C.P. Art. 2133 does not specifically mandate such action. In Arnone v. Illinois Central Gulf Railroad Co., 447 So.2d 61 (La.App. 1st Cir.1984), the plaintiff admitted the answer was not timely filed but contended dismissal was inappropriate because La.C.C.P. Art. 2133 does not specifically mandate such a result. While recognizing La.C.C.P. Art. 2133 does not specifically require dismissal of an untimely answer, the court stated “... the jurisprudence is clearly to the effect that an un *655 timely answer cannot be considered by an appellate court.” Arnone, supra.
For the reasons stated below, the answer in the instant case must be dismissed as untimely filed. Mr. Barron was sent notice of the appeal by the district court on June 17. Therefore, he knew as of June 17 that the case was on appeal. The records of this court indicate notice of the lodging of the record was mailed to Mr. Barron on September 15 but he contends he did not receive notice until October 10. The notice mailed on September 15 was not returned to this Court by the post office. Mr. Barron’s co-counsel, Mr. Kaplan, knew the record had been lodged at least by September 22, 1988, as he requested the record from this court on that date. The letter allegedly sent by Mr. Kaplan on September 22, 1988, informing this court he had not received notice of the lodging was not received by this court.
According to defendant-appellant’s motion to dismiss answer of appellee, costs were paid by August 2, 1988. The return day when there is testimony to be transcribed is 45 days from the date costs are paid. La.C.C.P. Art. 2125. Therefore, the return day in the instant case was September 16, 1988. Appellee’s answer must be filed within 15 days of the return day or the lodging of the record, whichever is later. The record was lodged on September 15, 1988, one day before the return day. Because the return day was later, appellee had to file the answer by Monday, October 3, 1988. Appellee’s brief was filed on October 11, 1988.
At the very latest, counsel knew of the lodging of the record on September 22, 1988, because Mr. Kaplan requested a copy of the record from this court on that date. Knowledge of the lodging as of that date still allowed plaintiff’s counsel eleven days within which to file an answer although this court believes plaintiff’s counsel had notice well in advance of September 22, 1988. Accordingly, appellant’s motion to dismiss the answer of the appellee is hereby granted at appellee’s costs.
MOTION GRANTED. ANSWER DISMISSED.