EDWARDS, Judge.
Plaintiff, Melissa Fonseca, was stopped and waiting for a traffic light in Terre-bonne Parish on March 16, 1985, when she was struck from the rear by defendant, Gary Hall. The vehicle driven by Hall was owned by defendant, Otis Engineering Corporation, and insured by defendant, Highlands Insurance Company.
Plaintiff filed suit for damages sustained as a result of the automobile accident. The defendants admitted fault in causing the accident and stipulated to liability for past medical expenses of $18,744. The issue of other damages claimed by plaintiff and the issue of Hall’s intoxication was left to the jury.
The jury found that plaintiff, Melissa Fonseca, had been injured in the accident and awarded her $10,000 for future medical expenses and $18,000 for general damages. The jury, however, was divided on the question of whether Hall was intoxicated at the time of the accident. The trial court entered judgment in accordance with the jury verdict.
Based on LSA-C.C.P. art. 1811(B), the plaintiff filed a motion for judgment by the court, or in the alternative, a new trial, because the jury had failed to reach a verdict on whether Hall was intoxicated. If Hall was intoxicated and the intoxication was a cause in fact of the accident, LSA-C.C. art. 2315.4 allows punitive damages. The trial court, in its reasons for judgment, found that the plaintiff had failed to prove that Hall’s drinking before the accident was a cause in fact of the accident, and, therefore, the plaintiff was not entitled to punitive damages.
On the issue of damages, the plaintiff filed a motion for judgment notwithstanding the verdict (JNOV), and, in the alternative, for either a new trial or additur. The plaintiff argued that the general damages were grossly inadequate and contrary to the law and the evidence.
The trial court granted the motion for the JNOV and granted the motion for a new trial conditioned on the Court of Appeal reversing the JNOV in favor of the defendants. The trial court found that *44 $18,000 was below the amount of general damages upon which reasonable men could differ in this case and that the jury had abused its discretion. The trial court awarded $50,000, rather than $18,000, for general damages; an increase of $32,000.
Both parties appeal. Defendants appeal the granting of the JNOV and, alternatively, argue that the increase in award from $18,000 to $50,000 was too great. Plaintiff appeals the trial court’s finding that the burden of proof for punitive damages was not met and appeals the trial court’s denial of the motion for a new trial on that issue.
PLAINTIFF’S APPEAL
LSA-C.C.P. art. 1811(B) provides that “[i]f no verdict is returned, the court may render a judgment or order a new trial.” The trial court considered the evidence and the testimony and found that the plaintiff had proved that the driver, Hall, was drinking before the accident, but that the plaintiff had failed to prove that the drinking was a cause in fact of the accident. The trial court also denied the plaintiff’s motion for a new trial on the same issue.
Hall testified that he had been drinking, but that he was not intoxicated. Hall thought that the accident was caused by a wet roadway. He explained that his tires lost traction when he attempted to slow for the light and that he was unable to stop before hitting plaintiff’s car. Plaintiff put on testimony and submitted evidence to show that Hall had been drinking when involved in a previous accident, had been warned about drinking on the job, and had left the scene of the Fonseca accident. The police report of the accident indicated that Hall had been drinking, but Hall was not charged with driving while intoxicated.
After a review of the record, we cannot say that the trial court committed manifest error in its factual finding, and, therefore, we will not disturb its finding that the drinking was not a proven cause in fact of the accident. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
A new trial should be granted when the verdict or judgment is contrary to the law and the evidence. LSA-C.C.P. art. 1972. When no peremptory ground is available for granting a new trial, the trial court is vested with great discretion in these matters. This determination should not be disturbed absent a finding of clear abuse of discretion. LSA-C.C.P. art. 1973; Menard v. King, 469 So.2d 15, 16 (La.App. 1st Cir.1985).
Again, based on our review of the record, we cannot say that the trial court erred in the denial of the plaintiff’s motion for a new trial.
DEFENDANT’S APPEAL
A party may move for a JNOV under LSA-C.C.P. art. 1811. A JNOV should be granted only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict on the facts at issue. Menard, 469 So.2d at 16. A determination of whether a JNOV is appropriate may not be made based on the trial court’s own credibility evaluations for that of the jury. Pellerin v. Tudor Construction Company, 479 So.2d 498, 502 (La.App. 1st Cir.1985), cert. denied, 483 So.2d 1023 (La.), cert. denied 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986).
Plaintiff had preexisting orthodontic and temporomandibular joint (TMJ) problems. There was also some evidence of prior problems in the cervical area. However, the jury evidently found that the plaintiff was at least suffering from aggravation of these disorders, particularly the TMJ problems, because it awarded the plaintiff future medical expenses and general damages.
Plaintiff was seen by Dr. Spence on March 18, shortly after the accident and was diagnosed as having a cervical strain and contusion of the chest. Plaintiff later developed a back problem which was diagnosed as a lumbar strain. The cervical and lumbar strains were treated by several different doctors. There was conflicting testimony concerning the cause of the strains, the severity, and the date the problems were resolved.
Defendants contend that the injuries to plaintiff were mostly due to her preexisting conditions and that the cervical and lumbar *45 injuries have now been resolved. Defendants also contend that the TMJ problem was, for the most part, a result of a preexisting condition which has been alleviated by surgery. The defendants argue that the pain has decreased and the prognosis is good. They base this primarily on the opinion of Dr. Charbonnet, an orthodontist, who evaluated the plaintiff at the request of the defendants.
The evidence to the contrary, however, was overwhelming regarding the TMJ dis-function. Dr. Engeron had been plaintiffs orthodontist since 1978. He testified that plaintiffs TMJ problems were concentrated on the right side. Prior to the accident, he had last seen plaintiff on October 23, 1984. Dr. Engeron testified that her condition at that time was stable and she was asymptomatic. He saw her after the accident on March 28, 1985. Plaintiff told him she had been in an automobile accident and had been knocked around inside the car. For the first time, she experienced a locking of the jaw. After a period of treatment, Dr.. Engeron was unable to alleviate plaintiffs pain and referred her to Dr. Kadair, a dentist with training in TMJ problems. He tried a conservative approach using a bite splint to stabilize the plaintiff, but after a year of treatment, plaintiff was still experiencing pain and TMJ disfunction. Dr. Ka-dair testified that he considered Fonseca an “oral cripple.” Plaintiff then went to Dr. Daigle, an oral surgeon. Plaintiff told Dr. Daigle she had been in a wreck and had hit the left side of her face on the steering wheel. Plaintiff had complaints of TMJ disfunction on both sides, but primarily on the left side of her jaw. Dr. Daigle ■ ordered a magnetic resonance imaging (MRI). The MRI showed bilateral and anterioral dislocation of the disk of the temporoman-dibular joints. A surgical procedure known as a Lafort 1 Osteomy was performed to correct a preexisting open bite problem in the hope that the correction would reduce the pressure on the injured temporomandibular joints. Plaintiffs jaw was wired shut for a day or two and she was restricted to a soft diet for several weeks. Dr. Daigle testified that the prognosis was uncertain. The surgical procedure had helped reduce the pain, but he felt that the chances of the disk being brought back into position without a more serious type of surgery on the joints were zero. At the time of the trial, Dr. Daigle had restricted plaintiffs diet to exclude hard foods, and restricted her physical activities to avoid anything strenuous. Both Dr. Ka-dair and Dr. Daigle thought the present TMJ problems were caused by the accident.
Plaintiff, by the time of trial, had been treated for her injuries for about three years. Plaintiff and her mother testified to plaintiff’s bouts of frustration and depression because plaintiff felt the pain and treatments kept plaintiff from being able to get on with her life. Plaintiff testified that she had continued to work, but she missed several semesters of school because of the pain and the need to schedule so many appointments for treatment. Plaintiff explained that she had trouble with the right side of her jaw before the accident, but after the accident, the pain was constant and more severe, especially on the left side. Both doctors, Kadair and Daigle, foresaw a long and painful future for the TMJ disfunction, and both felt she would always be restricted in the types of food that she could chew.
The evidence points strongly and overwhelmingly in favor of the moving party on the issue of the adequacy of the damages. Clearly, reasonable men could not arrive at a contrary verdict, and the trial court did not err in granting the JNOV. Because of the long and painful history that has attended and will attend the TMJ disfunction, it was not an abuse of the trial court’s discretion to set the general damages at $50,000.
For the above reasons, the judgment of the trial court is affirmed. The plaintiff-appellant shall pay one-half of the costs on appeal, and the defendant-appellants shall pay the other one-half.
AFFIRMED.
LANIER, J., concurs in the result.