CHARLES R. JONES, Judge.
 

 _jjThe Appellants, MBW Exploration, L.L.C. (“MBW”) and Mark Washauer, seek review of a judgment of the district court granting a motion for summary judgment in favor of ORX Resources, Inc. (“ORX”). The court held that MBW and Mr. Washauer are hable
 
 in solido
 
 to ORX for breach of contract, and awarded ORX attorneys fees. For the reasons that follow, we affirm the judgment determining that Mr. Washauer operated MBW as his alter ego, and allowing ORX to pierce the veil of an LLC.
 

 On January 16, 2003, ORX entered into the “Clovelly Purchase Agreement” with Coastline Oil & Gas, Inc. Pursuant to this Agreement, ORX purchased certain oil, gas and mineral leases/interests in a tract of land located in Lafourche Parish, known as the “Clovelly Prospect.” ORX partnered with other entities, including MBW, to share in the expense and potential profits of the venture to explore and develop the Clovelly Prospect. The partnering parties entered into a Joint Operating Agreement (“JOA”) and the Clovelly Prospect Participation Agreement (“Participation Agreement”). Mr. Washauer signed these documents in October of 2003 and December of 2004, respectively, on behalf of MBW, in his capacity as a “Managing Member.” However, MBW did not come into existence |2until July of 2005, when its articles of organization were filed with the Louisiana Secretary of State.
 

 The JOA provided that ORX was to serve as the “Operator” drilling a well within the Clovelly Prospect. It further provided that the non-operating working interest partners, like MBW, would pay their proportionate share of the costs in exchange for a corresponding working interest ownership share in the Clovelly Prospect. The drilled well was governed by the Participation Agreement, which provided that MBW had a working interest in the Clovelly Prospect whereby MBW would share in 2.5% of the costs incurred, and would gain a proportionate share of the returns, if any, produced by the well.
 

 Later, ORX submitted an Authorization for Expenditure (“AFE”) to MBW for ap
 
 *933
 
 proval, which Mr. Washauer signed in his own name. Additionally, he paid MBW’s participation fee with a check drawn from the account of another entity, MBW Properties, LLC.
 

 In 2006, ORX, as the well Operator, began planning the Allain LeBreton Well No. 2 in the Clovelly Prospect, (“the Well”), which was the “initial well” called for in the Participation Agreement. Adjustments were made in the plan to drill the Well, including the issuance of a revised AFE, which Mr. Washauer signed on MBW’s behalf. Mr. Washauer paid the full amount of MBWs share of an ORX cash call invoice of $59,325 with a personal check.
 

 The well proved to be unsuccessful, and was ultimately plugged. MBW’s unpaid share of expenses for said project amounted to $84,220.01, for which ORX demanded payment via correspondence, but to no avail. As a result, ORX filed suit for breach of contract against both MBW and Mr. Washauer (“the Appellants”).
 

 lain January of 2009, the case was heard by the district court on cross-motions for summary judgment. The district court denied the Appellants’ motion, and granted summary judgment in favor of ORX. The Appellants timely filed a motion for sus-pensive appeal from this judgment. Subsequently, the district court granted ORX’s motion for attorneys fees and issued a Final Judgment in March of 2009, holding:
 

 1.) the Appellants liable,
 
 in solido,
 
 to ORX in the principal amount of $84,220.01;
 

 2.) awarding reasonable attorneys’ fees in the amount of $43,158.50;
 

 3.) awarding prejudgment and post-judgment interest and court costs, and
 

 4.) awarding all other costs related to the collection of MBW’s unpaid balance.
 

 The Judgment further provided that “ORX’s rights to bring future claims for attorneys’ fees and costs relating to the appeal of this case and/or the collection of this Judgment are reserved.” The Appellants filed a second motion for suspensive appeal, which was granted on May 14, 2009. The two appeals, bearing Docket Nos. 2009-CA-0662, and 2009-CA-0859, were consolidated on June 18, 2009.
 

 The Appellants raise four assignments of error:
 

 1. the district court erred in ruling that ORX met its burden of proof to hold Mr. Washauer personally liable for the debts of MBW;
 

 2. the district court erred in ruling that the alter-ego theory of the corporate veil piercing applied to Louisiana limited liability companies;
 

 3. the district court erred in ruling that ORX met its burden of proof to establish that Mr. Washauer was the alter ego of MBW; and
 

 |44. the district court erred in awarding ORX $43,158.50 in attorneys fees.
 

 We will not address the Appellants’ assignments of error in the above-referenced order. We will initially discuss what the Appellants’ have designated as their second assignment of error. Thereafter, the first and third assignments of error will be discussed together because they both involve Mr. Washauer. Review of the Appellants’ fourth assignment of error will be followed by our analysis of ORX’s request for attorneys fees. Lastly, we will address the motion to enroll
 

 Appellate court review of a summary judgment is
 
 de novo. Dominio v. Folger Coffee Co.,
 
 2005-0357 (La.App. 4 Cir. 2/15/06), 926 So.2d 16. Furthermore, a
 
 *934
 
 motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). However, if the mov-ant will not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 
 Id.
 

 We first address whether the district court erred in ruling that the alter-ego theory of the corporate veil piercing applied to Louisiana limited liability companies. In support of this argument, the Appellants’ allege the district court |fierred in applying this theory in the instant case because theories of veil piercing and/or other mechanisms that attempt to subject LLC members to personal liability are in direct conflict with Louisiana statutory law.
 

 The Appellants assert that Louisiana’s LLC law does not impose member liability that parallels a shareholder’s potential exposure created by disregarding certain business formalities; furthermore, the failure to follow certain formalities is not ground for imposing liability on members or managers for the debts and obligations of the LLC under La. R.S. 12:1319(C). Lastly, the Appellants maintain that our circuit has never allowed the veil of a LLC to be pierced, and that we have held that absent particularized claims of fraud, breach of a professional duty or other negligent or wrongful act done outside of one’s capacity as a member, the limitation of liability afforded to LLC members cannot be disregarded in favor of individual liability. Cu
 
 role v. Ochsner Clinic, L.L.C.,
 
 01-1734 (La.App. 4 Cir. 02/20/02), 811 So.2d 92;
 
 Roth v. Voodoo BBQ,
 
 07-0295, (La.App. 4 Cir. 08/01/07), 964 So.2d 1095.
 

 General Louisiana LLC law pursuant to La. R.S. 12:1320(B) provides that:
 

 • members are not personally liable for the debts, obligations and other liabilities of the LLC to third parties, and
 

 • a LLC member is not a proper party in any proceeding against the LLC.
 

 However, third parties can bring claims against members and managers for “any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud | (¡practiced upon it by him.” La. R.S. 12:1320(D).
 
 [1]
 
 Our Court has explained that
 
 *935
 
 “[t]o have meaning within the entire statute, the phrase ‘or other negligent or wrongful act by such person’ must refer to acts done
 
 outside
 
 one’s capacity as a member, manager, employee, or agent of the limited liability company.”
 
 Curole,
 
 p. 7-8, 811 So.2d at 97. [Emphasis added.]
 

 As we reasoned in
 
 Curóle,
 
 the provisions of La. R.S. 12:1320(D) provide for the piercing of a LLC’s veil when the situation so warrants. We explained in
 
 Curóle
 
 that:
 

 ... the only case applying Louisiana law allowing the veil of an [sic] limited liability company to be pierced in the same way that the view of a corporation is pierced is
 
 Hollowell v. Orleans Reg’l Hosp.,
 
 217 F.3d 379, 381 (5th Cir.2000). In
 
 Hollowell,
 
 the court held that a court may allow the piercing of the veil of a limited liability company based on a totality of the circumstances review.
 

 Id.,
 
 p. 6, 811 So.2d at 96. We interpret that “a totality of the circumstances review” encompasses the possibility that a district court can allow a district court to pierce the veil of a LLC under the alter ego doctrine. Furthermore, as the Louisiana Supreme Court has explained the veil of an entity can be pierced “... where the corporation is found to be simply the “alter ego” of the shareholder. It |7usually involves situations where fraud or deceit has been practiced by the shareholder acting through the corporation.”
 
 Riggins v. Dixie Shoring Co., Inc.,
 
 590 So.2d 1164, 1168 (La.1991)
 
 (citing
 
 LSA-R.S. 12:95;
 
 Dillman v. Nobles,
 
 351 So.2d 210 (La.App. 4th Cir.1977);
 
 Bossier Millwork & Supply Co. v. D. & R. Const. Co., Inc.,
 
 245 So.2d 414 (La.App. 2d Cir.1971)). The Supreme Court further reasoned that “[i]n order properly to disregard the corporate entity, one of the primary components which justifies piercing the veil is often present: to prevent the use of the corporate form in the defrauding of creditors.”
 
 Id.,
 
 590 So.2d at 1169
 
 (citing Liberto v. Villard,
 
 386 So.2d 930 (La.App. 3d Cir.1980)).
 

 To apply this standard in the instant matter, piercing the veil of an LLC is justified to prevent the use of the LLC form to defraud creditors. Under our
 
 de novo
 
 review, we find that the district court did not err in determining that the alter ego theory of corporate veil piercing applies to a Louisiana limited liability company, under the facts of this case, where it appears that Mr. Washauer used MBW as shell and tried to avoid paying a legitimate debt of the LLC. This assignment of error has no merit.
 

 The Appellants’ next two assignments of error center on whether Mr. Washauer can be held personally liable for MBW’s indebtedness to ORX by piercing the veil of an LLC. The Appellants’ first assert that the district court erred in ruling that ORX met its burden of proof to hold Mr. Wash-auer personally liable for the debts of MBW. The Appellants contend that pursuant to Louisiana’s LLC laws, Mr. Wash-auer is statutorily immune from personal liability and was not a proper party defendant.
 

 In response, ORX avers that even though LLC members generally are not liable for LLC debts to third parties, the
 
 *936
 
 exception under La. R.S. 12:1320(D) | applies where Mr. Washauer purported to act on behalf of an empty shell company, MBW, that did not exist when the JO A and Participation Agreement were signed. Further, after the company did exist, it never had a bank account, and never paid its invoices on its own behalf for the Clov-elly Prospect. The first invoice was paid by a separate company controlled by Mr. Washauer: MBW Properties, LLC. The second invoice was paid by Mr. Washauer himself.
 

 Secondly, the Appellants aver that the district court erred in ruling that ORX met its burden of proof to establish that Mr. Washauer was the alter ego of MBW. The Appellants contend that the district court examined five (5) factors considered by courts to pierce the corporate veil and that none of these factors were met in the instant case. We disagree.
 

 The Louisiana Supreme Court has identified five non-exclusive factors to be used in determining whether to apply the alter ego doctrine:
 

 1) commingling of corporate and shareholder funds;
 

 2) failure to follow statutory formalities for incorporating and transacting corporate affairs;
 

 3) undercapitalization;
 

 4) failure to provide separate bank accounts and bookkeeping records; and
 

 5) failure to hold regular shareholder and director meetings.
 

 Riggins v. Dixie Shoring Co., Inc.,
 
 590 So.2d 1164, 1168 (La.1991)
 
 (citing Kingsman Enterprises v. Bakerfield Elec. Co.,
 
 339 So.2d 1280 (La.App. 1st Cir.1976);
 
 Smith-Hearron v. Frazier, Inc.,
 
 352 So.2d 263 (La.App. 2d Cir.1977),
 
 writ denied,
 
 353 So.2d 1337 (La.1978)).
 

 A discussion of the
 
 Riggins
 
 factors will resolve how Mr. Washauer can be held personally liable for MBW’s indebtedness to ORX by piercing the veil of an LLC. The first
 
 Riggins
 
 factor to be considered is whether commingling of ^corporate and shareholder funds occurred. The Appellants assert that while neither of MBW’s check payments to ORX were made directly by MBW, both payments included notations that they were being paid on MBW’s behalf. These payments were interest free loans made to MBW. Our jurisprudence allows a shareholders and/or LLC members to make interest free loans to corporations/LLCs without this act being grounds for invoking the alter ego doctrine. ORX contends that funds were commingled as evidenced by the fact that the two (2) payments made by MBW to ORX were made through third parties. MBW Properties, LLC paid the participation fee of $6,826.00, and Mr. Washauer himself paid the initial cash call of $59,325.00. No payments were made by MBW itself to ORX.
 

 The second
 
 Riggins
 
 factor to be considered is whether Mr. Washauer failed to follow statutory formalities for incorporating and transacting corporate affairs. Mr. Washauer avers that he complied with all statutory requirements in forming MBW. Under La. R.S. 12:1310, when immovable property is acquired by an individual — who is acting in any capacity for and in the name of any LLC — and the LLC is later issued a certificate of organization, the LLC’s existence is retroactive to the date of acquisition of the interest in the immovable property. Thus, when MBW acquired a
 
 2.50%
 
 interest in the Clovelly Prospect, which included oil, gas and mineral leases, MBW acquired an interest in immovable property because a mineral lease is a mineral right equating to an incorporeal immovable. Thus, while MBW was issued its certificate of organization on July 20, 2005, its creation was retroactive to the date it
 
 *937
 
 acquired its interest in the Clovelly Prospect, October 20, 2003.
 

 ImORX contends that in Louisiana, a LLC is not formed until “the articles of organization are signed and filed with the secretary of state.” La. R.S. 12:1304(B). Thus, MBW did not exist until July 20, 2005, when said statutory formalities were met. While Mr. Washauer signed the JOA (in January of 2003) and the Participation Agreement (in December of 2004), MBW did not exist, and this evidences that he did not observe statutory formalities in creating MBW.
 

 The third
 
 Riggins
 
 factor to be reviewed is whether MBW was undercapitalized. MBW maintains that it was capitalized by the payments made on its behalf to ORX, and our jurisprudence allows individuals to create minimally capitalized entities like LLCs to limit their individual liability. ORX avers that MBW never owned any assets apart from its working interest in the Clovelly Prospect wells. Further, as discussed above, MBW never used its own capital to pay its expenses for this venture. Thus, MBW was not capitalized at all.
 

 The fourth
 
 Riggins
 
 factor to be reviewed is whether the Appellants failed to provide separate bank accounts and bookkeeping records. The Appellants assert that after issuing a check for $59,325.00 to ORX on MBW’s behalf, Mr. Washauer did not see the point in creating a checking account and getting a tax ID for a one time investment. He anticipated that the above-referenced check was going to be the last payment made relative to the Clovelly Prospect. He further contends that evidence of a common bank account is not sufficient to prove that a LLC entity was disregarded to the extent that it became indistinguishable from its members. ORX counters that a lack of a banking account and other accounting records evidences that the Appellants failed to maintain separate accounts.
 

 The fifth
 
 Riggins
 
 factor to be considered is the failure to hold regular shareholder meetings. The Appellants argue that LLCs are not required to comply |nwith corporate formalities. Under Louisiana LLC law, members or managers of LLCs do not have to hold meetings, keep minutes or act through formal resolutions. Additionally, ORX knew that it was only contracting with MBW because all documents executed between the entities identified MBW as the signatory and indicated that Mr. Washauer was signing the documents on behalf of MBW. Nothing in the JOA indicated that he was signing said document on his own behalf. Lastly, no correspondence related to the Clovelly Prospect was sent directly to him, nor did ORX make “cash calls” or AFEs to him personally. ORX does not dispute that LLC’s are not required to observe the above-referenced formalities. And, in this instance Mr. Washauer’s admission that he has only held informal MBW meetings and/or discussions on the creation and operation of MBW, and that he has not spoken to MBW’s other member about MBW in over a year further evidences that the corporate veil should be pierced. ORX avers that the totality of the circumstances supports piercing the corporate veil where Mr. Washauer signed an AFE in December of 2004 in his own name, and he has not provided a reason for MBW’s refusal to pay a valid debt.
 

 In applying the
 
 Riggins
 
 factors, under our
 
 de novo
 
 review, we find that Mr. Washauer’s activities on behalf of MBW do merit the piercing of the veil of this LLC. Commingling of the LLC’s funds occurred with the funds of Mr. Washauer and a separate company of his. This commingling occurred because MBW was un-dercapitalized, and did not have a separate
 
 *938
 
 bank account to transact its own affairs. Furthermore, at the time MBW began contracting with ORX, it was not yet recognized as an LLC by the Louisiana Secretary of State. Lastly, while LLC’s are not bound by corporate laws to hold regular meetings, the fact that MBW has not had a meeting in over a year further evidences that Mr. Washauer was operating |12MBW at his leisure and direction. Thus, we find that the district court did not err in determining that MBW was being operated as the alter ego of Mr. Washauer under the
 
 Riggins
 
 factors, and therefore, he can be held personally liable jointly and solidarily with MBW. These assignments of error are without merit.
 

 The fourth assignment of error raised by the Appellants is that the district court erred in awarding ORX $43,158.50 in attorneys fees. District courts are vested with great discretion in arriving at an award of attorneys’ fees.
 
 Filson v. Windsor Court Hotel,
 
 2007-0755, p. 6 (La.App. 4 Cir. 7/23/08), 990 So.2d 63, 67 (citing
 
 Troth Corp. v. Deutsch, Kerrigan & Stiles, L.L.P.,
 
 06-0457 (La.App. 4 Cir. 1/24/07), 951 So.2d 1162, 1165
 
 (citing Kem Search, Inc. v. Sheffield,
 
 434 So.2d 1067, 1070 (La.1983))). “The exercise of this discretion will not be reversed on appeal without a showing of clear abuse of discretion.”
 
 Id.
 
 Furthermore, a “reasonable attorney’s fee is determined by the facts of an individual case.”
 
 Id.
 
 at 6, 434 So.2d at 67
 
 (citing Gottsegen v. Diagnostic Imaging Servs.,
 
 95-977 (La.App. 5 Cir. 3/13/96), 672 So.2d 940, 943).
 

 The Appellants assert that the district court’s award is excessive pursuant to Rule 1.5 of the Rules of Professional Conduct (which mandates that a lawyer’s fee be reasonable) and La. R.S. 9:2781 (reasonable attorney’s fees for the prosecution and collection of the claim can be collected).
 
 [2]
 
 The Appellants aver that ORX’s bill of $43,158.50 in attorneys fees is not reasonable where the instant case involved: limited written discovery, limited document production, two depositions, two 1 ^hearings and no trial. The case was allegedly not highly complex and was determined on a motion for summary judgment. The fees in this case were fixed. Thus, the Appellants assert that there was no risk factor involved that would warrant an award of attorney’s fees over half of the principal amount of ORX’s claim.
 

 ORX maintains that the Appellants cannot prove that the district court abused its discretion in applying the above-referenced factors, especially where the conduct of the Appellants in contesting their underlying liability contributed greatly to the amount of work ORX’s counsel had to perform. We agree. There is no indication that the district court abused its vast discretion. The district court, as the trier of fact, was in a superior position to observe the work and effort of ORX’s attorneys in the case
 
 sub judice.
 
 Therefore, we cannot say that the district court clearly abused its discretion based on the record before us.
 

 Next we address the request of ORX that it be awarded $23,832.00 in attorneys
 
 *939
 
 fees for work performed by its counsel on appeal. ORX avers that its counsel should be compensated for briefing a response to the instant appeal, and for presenting oral argument on the same. It suggests that $17,832 in attorneys fees was incurred by the time its Appellee’s brief was filed with our court, and that approximately $5,000.00 is owed for presenting oral argument on appeal.
 

 La. C.C.P. art. 2164 provides:
 

 [t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
 

 114In the instant case, an attorney prepared and filed an appellee brief, and presented oral argument before this court, but did not file an answer to the appeal asking for an award of attorneys fees. We note that pursuant to La. C.C.P. art. 2164, an appellate court has the discretion to tax costs “of the lower or appellate court, or any part thereof, against any party to the suit, as ... may be considered equitable.” Exercising our discretion in this matter, we deny the ORX’s request for additional attorneys’ fees, but we assess the costs incurred by ORX to the Appellants.
 

 Lastly, we grant the motion to enroll as additional counsel of Adrian G. Nadeau on behalf of the Appellants.
 

 DECREE
 

 For the foregoing reasons, the request of ORX Resources, Inc. for attorneys fees on appeal is denied. In all other respects, the judgment of the district court is affirmed, and the costs of this appeal are to be paid by MBW Exploration, L.L.C. and Mark Washauer. The motion to enroll as additional counsel of Adrian G. Nadeau, on behalf of the MBW Exploration, L.L.C. and Mark Washauer, is granted.
 

 AFFIRMED; MOTION TO ENROLL AS ADDITIONAL COUNSEL GRANTED.
 

 [1]
 

 . La. R.S. 12 § 1320, entitled Liability to third parties of members and managers, states:
 

 A.The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.
 

 B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
 

 C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when
 
 *935
 
 the object is to enforce such a person's rights against or liability to the limited liability company.
 

 D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.
 

 [2]
 

 . Under Rule 1.5 factors to be considered in determining reasonableness are: 1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; 2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; 3) the fee customarily charged in the locality for similar legal services; 4) the amount involved and the results obtained; 5) the time limitations imposed by the client or by the circumstances; 6) the nature and length of the professional relationship with the client; 7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 8) whether the fee is fixed or contingent.