MURRAY, J.,
concurring with reasons.
| ^though I agree with the result the majority reaches, I write separately to address in more detail the issue of the trial court’s award of attorneys’ fees and costs totaling $25,223.79 pursuant to La. R.S. 37:1287(0). The majority finds the statutory requirement that the claims were “frivolous, unreasonable, without foundation, or in bad faith” was met. The majority further finds no abuse of discretion in the amount of attorneys’ fees and costs awarded. The majority, however, fails to address directly two of Dr. Farber’s contentions regarding the award. First, he contends the award was improper because the Louisiana State Board of Medical Examiners (the “Board”) — a non-pai'ty — paid the attorneys’ fees and costs. Second, he contends that the amount awarded is excessive given the nature of the proceedings — a simple, garden-variety defamation claim that did not involve complex or novel legal issues.
Insofar as the Board’s payment of the attorneys’ fees and costs, the statute does not condition the award of attorneys’ fees and costs on the personal payment of such fees and costs by the individual defendants. Rather, the plain language of the statute simply states that the court shall, under the appropriate circumstances, award “the cost of the suit attributable to such claim, including reasonable attorney’s fee.” La. R.S. 37:1287(C). The Board’s payment of the attorneys’ fees 12and court costs to defend its current and former employees against this suit does not preclude the trial court from casting Dr. Far-ber in judgment for these amounts under La. R.S. 37:1287(C).
Nor do I find the total amount awarded either unsupported or excessive. The Board established the actual amount of attorneys’ fees and court costs that were incurred by providing the trial court with a certified revised certificate of cost, which is dated March 29, 2010, and is signed by Robert L. Marier, M.D., in his capacity as the Board’s Executive Director. The Board certified that the total attorneys’ fees were $23,556.75, the total court costs were $1,667.04, and the grand total was $25,223.79. As Defendants contend, the trial court apparently found that the attorneys’ billing invoices attached to Dr. Mari-er’s certificate related to this case, were credible, and that the total amount claimed of $25,223.79 was reasonable.
The circumstances in this case, as Defendants contend, are similar to those presented in Baer v. Cabiran-Baer, 09-1484 (La.App. 4 Cir. 7/28/10), 44 So.3d 840, a domestic case in which this court affirmed an award of attorney’s fees and costs of $22,000.00 pursuant to a provision in a premarital agreement. In so doing, this court in Baer, supra, noted that the case had involved multiple motions, exceptions, and court conferences and had spanned over a two-year period. This court also noted in Baer, supra, that a trial court has great discretion in determining the amount of attorneys’ fees to be awarded. Id. (citing ORX Resources, Inc. v. MBW Exploration, L.L.C., 09-0662, p. 12 (La.App. 4 Cir. *1073 2/10/10), 32 So.3d 931, 938, writ denied, 10-0530 (La.5/7/10), 34 So.3d 862). Given the circumstances of this case, I cannot conclude that the trial court abused its great discretion in fixing the award of attorneys’ fees and costs.