TOBIAS, J.,
concurs and assigns reasons.
hi respectfully concur in the majority’s conclusions in this case. I write separately to address, however, the issues of sanctions and to further discuss the issue of “alter ego” (frequently referred to as piercing the veil of an entity such as a corporation or limited liability company).
I.
The issue of whether sanctions should be awarded at the trial court level is reviewed at the appellate level, in my opinion, on a manifest error/ clearly wrong standard. My reading of the record satisfies me that the trial court was neither manifestly erroneous nor clearly wrong in not awarding to the plaintiffs sanctions against the defendants as they requested. However, the defendants’ claims against the plaintiffs for electronic discovery abuse are more problematical. If I had been the trial judge, I would have substantially sanctioned the plaintiffs for that abuse.
As La. C.C.P. art. 1420 in pertinent part states:
B.The signature of an attorney or party constitutes a certification by him that he has read the request, response, or objection and that to the best of his knowledge, information, and belief formed after reasonable inquiry the request, response, or objection is:
(1) Consistent with all the rules of discovery and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
1⅞(2) Not interposed for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation; and
(3) Not unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.
C. If a request, response, or objection is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the person whose signature is required. A party shall not be obligated to take any action with respect to the request, response, or objection until it is signed.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the request, response, or objection, including a reasonable attorney’s fee. [Emphasis supplied],
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction. [Emphasis added.]
Reading article 1420 together with the jurisprudence regarding the manifest error/ clearly wrong standard of view satisfies me that I cannot honestly say that the trial judge was in this case clearly wrong. Even though my vote is to affirm the trial court’s decision in that regard, I find and *46 note that this case may be the absolute outer limit of what attorneys can do and not be sanctioned for discovery abuse by an appellate court. Too many lawyers, in my view, fail to heed the mandates of article 1420.
_kH.
As to the alter ego theory of recovery, I note that this court has applied Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164 (La.1991), to a limited liability company in ORX Resources, Inc. v. MBW Exploration, L.L.C., 09-0662, 09-0859 (La.App. 4 Cir. 2/10/10), 32 So.3d 931, and Curole v. Ochsner Clinic, L.L.C., 01-1734 (La.App. 4 Cir. 2/20/02), 811 So.2d 92. The Louisiana Supreme Court has yet to address the issue. A plaintiff has a very heavy burden to prove a case of alter ago as implied by Riggins, and a court should examine with heightened scrutiny a person’s attempt to, so-to-speak, “pierce the veil.”
La. R.S. 12:1320 states:
A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.
B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person’s rights against or liability to the limited liability company.
D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him. [Emphasis added]
A limited liability company by statute is intended to limit one’s liability. |4La. R.S. 22:1320 when read very carefully separates the concept of fraud (La.C.C.arts.1953-1958) from alter ego, and in the case at bar the majority reaches the correct result based upon the facts in this case.